(13 Misc. Rep. 502.)

## REICHMANN v. NELSON.

(Superior Court of New York City, General Term.   July 1, 1895.)

COUNTERCLAIM—ACTION EX DELICTO—MATTERS OF CONTRACT.
Where a complaint alleges that defendant, under a power of attorney from plaintiff, collected the rents of plaintiff's premises and failed to pay over part thereof, and asks judgment therefor, the action is in form ex delicto, notwithstanding the omission of an allegation that the moneys were received by defendant in a "fiduciary capacity,",and therefore a counterclaim arising on contracts not connected with the subject of the action cannot be allowed.

Appeal from judgment on report of referee.

Action by Theodor Reichmann against Jesse S. Nelson.   Judgment was entered in favor of plaintiff, and defendant appeals.   Affirmed.

The complaint is as follows:

Plaintiff complains of defendant, and respectfully shows to this court:   (1) That at the times hereinafter set forth the plaintiff was the owner of the premises Nos. 7 and 22 St. Mark's Place, in the city of New York.   (2) That on or about the 18th day of May, 1891, plaintiff by a certain power of attorney in writing constituted the defendant his attorney in fact to rent the said· premises, to receive the income thereof, to pay taxes, interest on mortgages, insurance premiums, expenses of keeping said premises in repair, and

other necessary expenses in and about the care of said premises, and to pay over the net proceeds to plaintiff. (3) ·That defendant, on or about said 18th day of May, 1891, accepted said power of attorney, received possession of said premises, and has ever since, and until the 16th day of April, 1892, continued in possession thereof, and acted as the attorney in fact of said plaintiff under said power of attorney. (4) That plaintiff, by an instrument in writing dated April 2, 1892, revoked said power of attorney, which said instrument was duly served on the defendant on the 16th day of April, 1892. (5) On information and belief, that between said 18th day of May, 1891, and said 16th day of April, 1892, defendant collected and received rents of said premises to the amount of $7,682.50. (6) That defendant has paid over to plaintiff from time to time and accounted for the sum of $5,582.50, and has failed to pay over to plaintiff or to account to him for the balance thereof, to wit, the sum of $2,100, or any part thereof. Wherefore plaintiff demands judgment against defendant for said sum of $2,100, with interest thereon from the 16th day of April, 1892, besides the costs of this action.

The answer is as follows:

The defendant, answering the complaint of the plaintiff herein, for a first defense: (1) He admits the allegation contained in the second paragraph of said complaint, that on or about the 18th day of May, 1891, that plaintiff by a certain power of attorney constituted the defendant his attorney in fact, but defendant denies that said power of attorney, the powers and duties therein conferred upon defendant, or the contents thereof, are correctly set forth or stated in the said paragraph of said complaint. And defendant denies that said power of attorney did direct defendant to pay over to plaintiff the net proceeds of the premises mentioned in said complaint, after paying the taxes, interest on mortgages, insurance premiums, expenses of keeping said premises in repair, and other necessary expenses in and about the care of said premises, and alleges that said power of attorney did direct and empower said defendant generally to do all acts and things necessary in and about the management of the property and business therein mentioned, and that defendant was employed by plaintiff as his general counsel, attorney at law, and attorney in fact, and that the power of attorney referred to in the complaint constituted only a part of such employment, and that such employment empowered this defendant to manage all of plaintiff's business and affairs in the state of New York, to protect his interests, and generally to do and perform for plaintiff all the duties of a general counsel, attorney at law, and attorney in fact. (2) Defendant denies that he has only paid over to the plaintiff or accounted to him for the sum of $5,582.50, and has failed to pay over to plaintiff or to account to him for the balance, $2,100, as alleged in paragraph 6 of said complaint. (3) Further answering said complaint, defendant alleges that he has from time to time paid over to plaintiff, paid out for the account of plaintiff, and paid in the management and control of said plaintiff's business and on his account, the sum of $7,992.50, an amount in excess of that collected by the defendant for plaintiff.

Further answering said complaint, and for a separate defense, and by way of counterclaim, this defendant alleges: (1) That defendant is an attorney and counsellor at law of the supreme court of the state of New York, practicing in the city of New York. (2) That on or about the 18th day of May, 1891, plaintiff employed defendant to manage and conduct his business and affairs in the state of New York, including, among other things, the charge and management of certain real estate described in the complaint, and did, by an instrument in writing, appoint defendant his attorney in fact, and that, in addition to said employment as attorney in fact, said plaintiff did employ, engage, and retain defendant as his attorney and counsellor at law, to conduct and manage all of plaintiff's business and affairs in the state of New York. That said relation of attorney and client existed between defendant and plaintiff from the 1st day of May, 1891, up to and until the 16th day of April, 1892; that on or about the 16th day of April, 1892, the plaintiff, through Andrew Wesley Kent, his attorney in fact, appointed by said plaintiff in relation to said real estate, did demand an accounting of defendant; that in compliance with said demand the defendant, on or about the 28th day of May, 1892, made

and rendered to said plaintiff, through his said attorney in fact, a complete and full statement and account of defendant's management of plaintiff's business and affairs from the 1st day of May, 1891, up to the 16th day of April, 1892, a copy of which statement and account is hereto annexed, marked "Exhibit A," and is referred to as and made a part of this answer; that by said statement and account so rendered and stated by defendant to plaintiff it appears that defendant did receive for said plaintiff while acting as his attorney the sum of $7,682.50, and that during said period this defendant did pay out, disburse, and account for to said plaintiff the sum of $7,992.50, leaving a balance due and owing to said defendant from said plaintiff of the sum of $310; that said sum of $310 is due and owing from plaintiff to defendant; and that no part thereof has ever been paid. Wherefore, defendant demands that said plaintiff's complaint be dismissed, and that defendant have judgment against plaintiff on said counterclaim for the sum of $310, with interest from the 16th day of April, 1892, besides the costs of this action.

Argued before FREEDMAN, P. J., and McADAM and GILDERSLEEVE, JJ.

Foley & Powell, for appellant.

A. W. Kent, for respondent.

PER CURIAM. Under the decisions in Moffatt v. Fulton, 132 N. Y. 507, 30 N. E. 992, and Davis v. Aikin, 85 Hun, 554, 33 N. Y. Supp. 103, particularly the former, the action, notwithstanding the omission of the allegation that the moneys were received by the defendant in "a fiduciary capacity," was in form ex delicto, and the counterclaims arising on contract not connected with the subject of the action were properly disallowed by the referee. The referee, however, properly allowed the defendant credit for matters pleaded by way of counterclaim which pertained to the real estate from which the collections were made, since these were connected with the subject of the action. We find no error in the rulings, and the judgment must be affirmed, with costs.