### EMPIRE DAIRY FEED CO. v. CHATHAM NAT. BANK.

(Supreme Court, Special Term, New York County.   April, 1898.)

COUNTERCLAIM—ACTION FOR CONVERSION.

In an action for the conversion of securities deposited as collateral security for the payment of a note, where the tender of the amount of the note is alleged, counterclaims in the answer for the amount of the note, and for expenses incurred in attempting to collect at plaintiff's request a note included in the collateral security, are demurrable.

Action by the Empire Dairy Feed Company against the Chatham National Bank.   To two counterclaims pleaded by the defendant, plaintiff demurred.   Demurrer sustained.

Foster & Speir, for the motion.
Steele & Dickson, opposed.

KELLOGG, J.   The complaint alleges the making and delivery by plaintiff to defendant of a promissory note for the loan of money, and also the delivery to defendant of certain shares of stock and the promissory note of a third person as collateral security for this loan; that subsequently plaintiff tendered to defendant the amount of principal and interest of the loan, and demanded a return of the stock and note held as security.   Such return was refused, and the complaint alleges a conversion, and demands judgment for the value of the securities.   The answer, after denial of the tender, alleges, among other things, that the promissory note mentioned in the complaint is a part of, and is embodied in, a written contract relating to the securities, and all forms but one transaction, and is evidenced by a single contract; and a copy is set forth, and made a part of the answer.   The answer then sets up two counterclaims,—one the promissory note mentioned in the complaint, given for the loan, and set forth in the contract touching the securities; and the other a claim for money expended by defendant, at plaintiff's request, in the attempted collection of the note turned out as collateral security.   The plaintiff demurs to each of these counterclaims on the ground "that the counterclaim is not of the character specified in section 501 of the Code of Civil Procedure, in that a counterclaim to recover damages for alleged nonpayment of a promissory note cannot be allowed in an action for conversion."   The Code (section 496) provides that the demurrer must distinctly specify the objections to the counterclaim, otherwise it may be disregarded.   The ground here stated is a general abstract proposi-

tion, and, as a general proposition covering all cases, is unsound. Bank v. Lee, 7 Abb. Prac. p. 372; Ter Kuile v. Marsland, 81 Hun, 420, 31 N. Y. Supp. 5. The ground of demurrer, to have been "specific," should have stated that the counterclaim did not arise out of the contract or transaction set forth in the complaint, nor is it connected with the subject of the action. I think it may be regarded as settled by the adjudications in this state that subdivision 1 of section 501 permits to a defendant any counterclaim against the plaintiff which tends to diminish or defeat plaintiff's recovery, and which arises out of the transaction or contract set forth in the complaint as the foundation of plaintiff's claim, or is connected with the subject of the action. Whether the cause of action is in tort and the counterclaim in assumpsit, or the cause of action is in assumpsit and the counterclaim in tort, or whether both cause of action and counterclaim are of the same nature, can make no difference. The only test as to whether the counterclaim is proper—between the same parties—must be found in the determination as to whether it arose out of the same transaction, or is connected with the subject of the action, and tends to diminish or defeat the plaintiff's recovery. Section 501 is substantially the same as section 150 of the old Code, and the reported cases are numerous, giving judicial interpretation to this subdivision. In every reported case which has come to my attention the single test I have mentioned has been applied, and by that test alone the right to counterclaim has been determined. In no case has the nature of the counterclaim, whether sounding in tort or contract, been the reason for its admission or exclusion. The specified ground of demurrer, then, as an abstract proposition, is not well stated, but, giving it a liberal construction, and as intended to apply to the facts of this case, I think the demurrer must be sustained. It is true that the promissory note sought here to be counterclaimed is the same note mentioned in the complaint to secure the payment of which the securities were deposited, and the note is itself the contract which bound the securities; that the giving of the note and the securities was a single transaction; that up to the time of the tender the note was connected with the subject of the action, to wit, the securities alleged to be converted. It is true, also, that to make out plaintiff's cause of action it will be necessary to establish the making and delivery of the note, the delivery of the securities, the contract connecting the two, the tender of payment of the note, the demand of the securities, and refusal to surrender them. Out of this results the conversion—plaintiff's cause of action. And yet the transaction out of which plaintiff's cause of action arises is simply the tender of payment and refusal by defendant to surrender the securities. Up to the time of tender the note and securities were intimately connected. By the very act of tender they were separated; the lien was extinguished. All contract ties binding them together before were by this act severed, and thereafter a refusal to surrender these relieved securities was a refusal touching a subject wholly disconnected from the note. This refusal amounted to a conversion, and it is of that only the plaintiff complains. This is unlike the case of Carpenter v. Insurance Co., 93 N. Y. 552. There the subject of the action and counterclaim was the wood alleged in the

complaint to have been converted, but the plaintiff's act in severing the wood from the soil, and so destroying defendant's lien, was the act which created for defendant a cause of action, and it was the same act which gave plaintiff title freed from the lien. The Bank Case, 7 Abb. Prac. 372, was an action for conversion of bills of exchange indorsed by plaintiff. The counterclaim was the same bills of exchange against plaintiff as indorser. The subject there was the same. This case, I do not find, has been criticised or commended, and only once referred to (Sheehan v. Pierce, 70 Hun, 25, 23 N. Y. Supp. 1119). If the promissory note referred to in the complaint in this action were the subject of the action, then the cases of Thompson v. Kessel, 30 N. Y. 383, and Manufacturing Co. v. Hall, 61 N. Y. 226, might be regarded as sufficient authority to support the counterclaim. The case of Rothschild v. Whitman, 132 N. Y. 472, 30 N. E. 858, is illustrative of the distinction to be drawn between the foundation of a plaintiff's cause of action and the foundation of defendant's counterclaim, where all the facts which go to make a counterclaim may be used as a defense, but may not be pleaded as counterclaim. See, also, Distilling Co. v. O'Brien, 72 Hun, 462, 25 N. Y. Supp. 281. The effect of allowing the defendant's counterclaim in this action would be to destroy the effect of a tender of payment, which in law extinguishes the lien upon property pledged. If the defendant may reduce the amount of plaintiff's recovery by the amount of the note, he may use the lien as a shield to as good effect as though permitted to use it as a sword. I think the demurrer should be sustained.