## CLIFFT v. MERCER.

(Supreme Court, Appellate Division, Fourth Department. January 6, 1903.)

1. INTEREST—ALLOWANCE.
In an action by an executor against testatrix's son to recover money due her estate, interest should have been allowed on claims found due defendant for sums paid out at her request, and in accordance with her agreement.

2. COUNTERCLAIM—RES JUDICATA.
A judgment in an action of conversion establishing the ownership of a team adversely to defendant, and that he had purchased it merely as the agent of another, did not bar him from setting up in another action a counterclaim for an amount which he had paid as part of the price of such team out of his own money.

3. SAME—NEGLECT TO PLEAD IN JUSTICE COURT—CONVERSION.
Code Civ. Proc. § 2947, providing that where defendant, in an action in a justice's court for breach of contract, neglects to interpose a counterclaim which might have been allowed to him, he cannot thereafter maintain an action to recover the same, is limited specifically to actions "to recover damages upon or for breach of a contract," and has no application to an action for conversion.

Appeal from judgment on report of referee.

Action by George L. Clifft, as executor of Mary Mercer, deceased, against Joab W. Mercer. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

Edwin P. Lyman, for appellant.
Ray D. Smith, for respondent.

SPRING, J. Mary Mercer was the mother of the defendant. In 1896 she was an old lady, nearly 80 years of age, a widow, residing in Onondaga valley, in the county of Onondaga. She owned a mill in this valley, which was out of repair. Her son, the defendant, who for many years had resided in the West, came on a visit to her, and induced her to furnish the money to enable him to repair the mill, and leased it from her at a stipulated monthly rental. She placed a mortgage upon the property for the sum of $3,500, and turned the avails over to the defendant, upon the agreement that he was to expend whatever was necessary of the same to repair the mill suitably; and the residue, if any, was to be returned to the mortgagee, and applied in reduction of the mortgage indebtedness. This action is commenced by the executor of Mary Mercer, who died in 1899, mainly to recover what is alleged to be the unexpended balance which it is claimed the defendant failed to pay either to the testatrix or to the mortgagee. Counterclaims are alleged, and proof was offered on behalf of the defendant to sustain the same. We think the judgment must be reversed for errors committed by the referee.

1. The referee finds that there was due the defendant from the plaintiff, for money expended by him in improving said mill property, under a written agreement with the testatrix, the sum of

$703.25. He also finds another item in favor of the defendant of $60, for money which he paid for commissions and abstract of title, and other expenses incurred in procuring the loan of $3,500. The referee computes and finds the amount of interest on these two claims, but does not allow such interest to the defendant. Interest is allowed on the items accruing to the plaintiff, and also on other sums due to the defendant, and we can see no reason why the rule adopted by the referee is not applicable to these two items. They were sums paid out for the testatrix, and at her request, and the larger one in accordance with the written agreement, and clearly the defendant is entitled to interest upon the same.

2. The executor of Mrs. Mercer commenced an action of conversion in the municipal court of the city of Syracuse against the defendant to recover the value of a team which it was alleged the defendant had in his possession, but which belonged to Mrs. Mercer. The answer was a general denial. The case was taken to the county court, and resulted in a verdict in favor of the plaintiff for $262.50, which established that the team belonged to Mrs. Mercer. The contention of the plaintiff was that the defendant purchased this team as the agent of his mother. The defendant, on the other hand, contended that he purchased it on his own account. The evidence in that case showed that one Mr. Husted, who had been a tenant of Mrs. Mercer, owed her about $90 for rent, and the team was purchased of him primarily for the purpose of getting this rent paid. The defendant testified that he paid of his own money about $175 to apply on the purchase price of this team. The referee held that the judgment in that action was a bar to the recovery of the $175 by the defendant in this action. In this we think he was in error. As already said, the question litigated upon that trial was whether the defendant purchased the team for his mother or on his own account, and the judgment established that he was acting for his mother. This question did not depend upon whether he paid for this team or not. He might have paid the entire purchase price out of his own funds, and still the plaintiff might have recovered. There was a bill of sale from Husted to Mrs. Mercer, and that of itself may have established her title. The county judge at the trial term evidently took this view of the situation, for in his charge to the jury he instructed them as follows:

"It is not a question of account between these parties,—that, on a general investigation of the state of their accounts, that the one that owes the other should relinquish the claim to this property. It isn't that at all. But it is a question of whether in fact Mercer purchased this property and paid the rent to his mother, paid the balance of the money, or made an arrangement with her and took the title to the team himself, or whether, instead of that, the team was taken by Mrs. Mercer,—transferred, as it appears from these bills of sale, leaving him to adjust his equities in some other manner."

It is urged that it was incumbent upon the defendant to plead his counterclaim in the action in the municipal court, invoking the rule that in actions in justice's court, and the procedure in which applies to the municipal court of Syracuse, if the defendant neglects to interpose a counterclaim he is precluded from maintaining an action thereon. Section 2947, Code Civ. Proc. That section, however, is

limited specifically to actions "to recover damages upon or for breach of a contract," and has, therefore, no application to an action for conversion. Davis v. Aikin, 85 Hun, 554, 33 N. Y. Supp. 103. It seems clear to us, therefore, that the referee was in error in refusing to pass upon these items of the defendant's counterclaim.

It may be, as contended by the respondent's counsel, that the outcome of this litigation was even more favorable to the defendant than the proofs warranted. Upon that question we do not pass, confining our reversal to the items discussed which involve error requiring us to grant a new trial. The judgment should be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.