# CITY COURT OF NEW YORK.

## Mary A. Bell agt. Charles Lesbini.

*Code of Civil Procedure, section 501 — Practice — Counter-claim, when not allowable.*

A claim for the wrongful conversion of a chattel, which is a cause of action arising out of a tort, cannot be set up by way of a counter-claim in an action arising upon contract.

Demurrer to counter-claim.

*George L. Sterling*, for demurrer.

*Sidney H. Stuart*, opposed.

Brown, *J.*— Section 501 allows a counter-claim arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim or connected with the subject of the action. The contract set forth in the complaint is alleged to have been made between plaintiff and defendant, whereby plaintiff agreed to furnish defendant with board and

Bell agt. Lesbini.

lodging at her house at the rate of thirty dollars per week; that he agreed to pay that sum therefor. That she furnished said board and lodging to defendant from June 23, 1883, to October 23, 1883. That under the agreement in question there became due to her $525.75. That the defendant paid on account thereof $262, leaving a balance due of $263.75, to recover which the action is brought. The allegation of the answer demurred to, and which is set up as a separate defense and as a counter-claim to the cause of action, is that on the 23d day of October, 1883, the defendant was the owner and possessed of certain personal property of the value of $1,000. That on said day plaintiff forcibly ejected defendant from the room mentioned in the complaint; took possession of said personal property and converted the same to her own use; and that by reason of said acts he has been damaged in the said sum of $1,000. Thus the action is founded *ex contractu*, while the counter-claim is founded *ex delicto*. The demurrer is taken under the fourth subdivison of section 495 of the Code of Civil Procedure, on the ground that the counter-claim is not of the character specified in section 501 of the Code. I think the demurrer is well taken. The subject matter of the counter-claim is the tortious act of the plaintiff in wrongfully taking and converting to her own use the property of the defendant, of the value of $1,000. While the plaintiff, on the other hand, sets forth an express contract, upon which a fixed and certain sum was due to her, and which she was entitled to receive on the 23d day of October, 1883, the pleadings do not suggest anything connected with that particular transaction which was open, undetermined or to be done before the plaintiff was entitled to receive the money claimed to be due from the defendant. There is no claim or suggestion anywhere that defendant was entitled to remain longer in the premises, nor that plaintiff had not the right to the possession of her rooms upon that day, nor the right to refuse to continue furnishing defendant with board and lodging. I have been unable to find a single case in which a clear case of tort, not

arising out of the transaction mentioned in the complaint, has been allowed to stand in opposition to a recovery upon a contract. That it cannot be set up has been decided in several cases (*See Piser* agt. *Stearns*, 1 *Hilt.*, 86 ; *Chambers* agt. *Lewis*, 11 *Abb.*, 210). There are some cases in which the doctrine might be said to be allowed to prevail to the extent of permitting a party to waive the tort and recover as upon an implied contract. An examination of those cases will disclose the fact that there existed a conventional relation between the parties, *i. e.*, as an agent who collects money for his principal and refuses to pay over (*Colt* agt. *Stewart*, 12 *Abb.* [*N. S.*], 216). That the counter-claim is purely to recover for the value of the property converted is not open to dispute. It cannot have relation to the contract for the rooms and board, and no part of the sum is claimed to be for damages for the ejectment from the rooms. As before stated, he does not claim he had a right to the possession thereof upon or beyond the day mentioned. The sum claimed being simply for the value of the property converted, the demurrer is sustained.