WESTON et al. v. TURVER.

*(Supreme Court, General Term, Fifth Department.  June, 1888.)*

1. SET-OFF AND COUNTER-CLAIM—SALE OF PLEDGE—CONTRACT FOR SALE OF LAND.

One who assigns a contract for the sale of land as collateral security for her indebtedness on notes, is entitled, in an action on such notes, to a counter-claim for the full value of the contract where the same has been sold at private sale without notice to her.[1]

2. SAME—EVIDENCE—SALE OF PLEDGE.

Where, to a counter-claim for the value of a pledge sold at private sale, and without notice to defendant, plaintiffs replied that, at the time of the pledge, the husband of defendant, for whose debts it was also security, owed them a certain sum, a question asked on the trial as to his indebtedness at another time was properly excluded.

Appeal from circuit court.

This was an action by Abijah Weston and others on certain promissory notes made by the defendant, Stella Turver.  Judgment was entered for defendant below on the verdict of a jury, and plaintiffs appeal.

*E. M. Ashley,* for appellants.  *Eugene Cary,* for respondent.

DWIGHT, J.  The action was to recover on three promissory notes, of $500 each, made by the defendant to the plaintiffs on or before September 12, 1885, which were admitted.  The answer set up the affirmative defenses of payment and counter-claim; alleging, in support of the latter, that in March, 1886, the defendant assigned to the plaintiffs, as collateral security for her indebtedness on the notes, a certain land contract of the value of $3,000, and that the plaintiffs had wrongfully sold the contract at private sale, without notice to her.  On the trial, the assignment, which was in writing, proved to have been made as collateral security, not only for the indebtedness of the defendant on the notes in suit, but for all other sums of money owing or which might be owing by her or by her husband, Charles H. Turver, to the plaintiffs.  The contract was sold by the plaintiffs at private sale, without calling upon the defendant to redeem, or giving her notice of the intention to sell.  There was some evidence tending to show that the defendant had authorized such disposition of the contract as the plaintiffs should see fit to make; but the finding of the jury was otherwise.  In their reply the plaintiffs alleged that, at the date of the assignment, Charles H. Turver was indebted to them in the sum of $1,300.

The case was one of a pledge of personal property for the payment of a debt, and the sale of the pledge without notice or personal demand.  The transaction was in violation of the defendant's rights, and she was entitled to counter-claim the full value of the pledge.  *Stearns* v. *Marsh,* 4 Denio,

[1] As to what constitutes a set-off, see Carlin v. Richardson, *ante,* 772.

227; *Jackson* v. *Lytle*, 2 Cow. 443. The contract was for the sale of lots in the village of Suspension Bridge, upon which a building was in process of erection. The value of the contract was the value of the lots as improved, less the incumbrances. The incumbrances were the amount unpaid on the contract at the time of the sale; the amount of a debt for which the contract had been previously pledged, and which the plaintiffs assumed as part of the consideration of the assignment to them; and the amount of one or two mechanics' liens which have been placed on the property. These incumbrances aggregated, with interest, something more than $2,500. The evidence on the question of the value of the property, as is usual in such cases, varied widely; but none of it seems to have been improperly admitted, and the question was peculiarly within the province of the jury. The verdict, in that respect, cannot be disturbed. It awarded to the defendant $250 over and above the admitted claim of the plaintiffs on the notes in suit; no other indebtedness on her part being alleged or proved.

A question was propounded by the plaintiffs to the witness Taylor, which seems to have been intended as introductory to proof of an indebtedness to them on the part of Charles H. Turver, the husband of the defendant. The question was, "Do you know anything of the amount of Turver's indebtedness to the Westons in 1886?" The question was objected to as immaterial, and the objection was sustained. We have seen that the indebtedness intended to be secured by the assignment embraced that of the husband. But, clearly, the only indebtedness of his pertinent to be alleged and proved in this action was that, if any, due from him at the time the pledge was sold. Under no possible allegation of the plaintiffs could it have been material to inquire as to any indebtedness of Turver which had been paid before the sale of the contract, or which had accrued after that time. The question put to Taylor covered the entire year, and was, in strictness, liable to the objection made. That objection, however, might have been obviated by the statement that the question was merely introductory, and that the plaintiffs proposed to prove an indebtedness of Turver due to them at the time they disposed of the contract. But the fault of the plaintiffs' case, in this respect, is that they have not alleged any such indebtedness. The allegation of their reply was only to the effect that Turver was owing them $1,300 at the time the contract was assigned to them. No presumption is to be indulged, in favor of a pleading, that an indebtedness which existed in March continued to exist in April. It was necessary, in this case, for the plaintiffs, in order to avail themselves of the indebtedness of Turver as an offset to the defendant's counter-claim, to allege and prove that such an indebtedness existed when the collateral was sold, to which, therefore, they were entitled to apply the avails of the sale after canceling the notes of the defendant. The evidence of Taylor would have been inadmissible for want of the proper allegation, even if the question had been directed to the proper date. We find no error disclosed by the record which can affect the judgment. The judgment and order appealed from must therefore be affirmed.

All concur.