# THE

# New York Supplement.

## VOLUME VII.

---

### LITTMAN v. COULTER.

*(City Court of New York, Special Term.* May, 1889.)

SET-OFF AND COUNTER-CLAIM—WHAT CONSTITUTES.

In an action for rent defendant may set up a counter-claim for conversion of certain articles alleged to have been taken from the premises by plaintiff and wrongfully applied on the rent claimed, as the two causes arise out of the same transaction, within the meaning of Code of Civil Proc. N. Y. § 501, defining counterclaims.

On demurrer to answer.

Action by Morris Littman against Mary M. Coulter, administratrix of Thomas Coulter, for rent. Defendant set up in her answer a counter-claim for conversion of property by plaintiff. Plaintiff demurs to said counterclaim.

*Adolph L. Sanger,* for plaintiff. *William L. Flagg,* for defendant.

HOLME, J. A cause of action for conversion may be set up as a counter-claim to a cause of action on contract, provided the two causes arose out of or were connected with the same transaction. *Weston* v. *Turver,* 1 N. Y. Supp. 807; *Farrell* v. *Krone,* 24 Wkly. Dig. 89; *Morris* v. *Emmons,* 4 N. Y. St. Rep. 882; *Cass* v. *Higenbotam,* 100 N. Y. 248, 3 N. E. Rep. 189. The old cases to the contrary have been repeatedly overruled. No other construction of section 501 of the Code[1] seems to me reasonable. The difficulty in cases like the one before me arises from the diverse views that may be entertained as to whether the facts constituting the counter-claim arose out of the transaction referred to in the complaint. In this case the plaintiff sues for rent of certain premises. The defendant sets up, as a counter-claim, damages for conversion by plaintiff of certain articles which were on the same premises, and which plaintiff is alleged to have taken, appropriated, and applied on account of the rent claimed. The defendant, in effect, alleges that the plaintiff claims a lien for the rent on the property alleged to have been converted. It is difficult for me to see how a cause of action thus arising is not connected with the occupation of the premises and the claim for rent which constitutes this transaction, out of which plaintiff's cause of action

---

[1] This section provides that one subject of a counter-claim shall be "a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action."

arose. It cannot, of course, be said to be connected with the original hiring, (except perhaps very remotely,) which took place a year before the alleged conversion, but the action is for rent for the last month of the occupation of the premises, at the end of which plaintiff is alleged to have taken possession and assumed a lien on the property of the defendant for the rent due. If the rent was due, the plaintiff may have had a lien, and if there was no rent due, as defendant claims, the taking and detention of the property were wrongful, and I do not see why the purpose contemplated by section 501 will not be effected by disposing of these two questions in the same action; it seems to me that they arise out of the same transaction. Demurrer overruled, with leave to plaintiff to reply within six days, on payment of costs.