### LUDLOW v. McCARTHY.

(*Supreme Court, Appellate Division, Second Department. May 8, 1896.*)

1. COUNTERCLAIM—BREACH OF CONTRACT SUED ON.
  Defendant in an action for rent may set up, as a counterclaim, an eviction from a part of the demised premises, in consequence of which he sustained damage, consisting in the destruction of certain property then on the land.

2. SAME—SEPARATE TRANSACTIONS.
  A cause of action for conversion by the landlord of property of the tenant on the premises, after the expiration of the lease, is not allowable in an action for rent, as it is not connected with the transaction out of which the action arose.

Appeal from Westchester county court.

Action by Banyer Ludlow against Patrick McCarthy for rent. From a judgment entered on a verdict in favor of defendant, and from an order denying a motion for a new trial, plaintiff appeals. Reversed conditionally.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Augustus S. Hutchins, for appellant.
William G. Mulligan, for respondent.

HATCH, J. The process of examination and argument has reduced the question presented by this appeal to one of pleading. The action is brought to recover a balance due for rent of certain demised premises, situate in the county of Westchester. Whatever contest was raised by the pleadings, over the identity and extent of the demised premises, and whether the lease was to be treated as verbal or written, was settled by the evidence given and the course of the trial. The answer contained a counterclaim, wherein the claimed agreement of letting was set forth, followed by an allegation of facts showing an eviction by affirmative acts, and re-entry upon the demised premises by the plaintiff. The fifth paragraph of the counterclaim alleged that the plaintiff entered upon the demised premises during the term, and erected thereon a certain fence, and did lock and bolt the gates on the premises, and threatened the defendant

with personal violence in case he should enter thereon, and did wrongfully and unlawfully restrain defendant from the removal of certain property from the said premises, consisting of six tons of hay, one mowing machine, fifteen loads of manure, one plough, and three hot-bed frames, and did convert the same to his own use; that, in consequence, defendant had suffered great loss and injury, to his damage of $1,000, for which sum he demanded judgment. The evidence given upon the trial tended to establish that defendant had suffered an eviction from a substantial part of the demised premises, in consequence of which he had sustained damages to the extent of $300, consisting in the destruction of certain crops then upon the land, and in the value of the use of the land of which he was deprived. We have little difficulty in sustaining the counterclaim to this extent, and of the recovery had thereunder, as the damages arose out of the breach of the contract sued upon, and are clearly recoverable in an action to enforce payment of the rent. Edgerton v. Page, 20 N. Y. 281; Mayor, etc., v. Mabie, 13 N. Y. 151; Cook v. Soule, 56 N. Y. 422.

The alleged conversion of the personal property presents a different question. Had the conversion of the property and the eviction from the premises been concurrent acts, the counterclaim might find support within section 501 of the Code of Civil Procedure, as being connected with the subject of the action. Carpenter v. Insurance Co., 93 N. Y. 552. But the lease of the premises expired on the 1st of April, 1894, except the house where defendant lived, which expired on April 5th. And it appeared from defendant's testimony that the conversion of the property did not take place at the time of the eviction, but after the 1st of April, and as late as the 13th of that month. It cannot, therefore, be said that it arose out of a violation of the covenant for quiet enjoyment, and consequently did not arise out of the contract or transaction set forth in the complaint. Nor was it, in a legal sense, connected with the transaction. It was a separate and independent act, disconnected from the subject-matter constituting the relation between the parties, except as their differences made it possible to arise. Rothschild v. Whitman, 132 N. Y. 472, 30 N. E. 858. The case in principle falls within Boreel v. Lawton, 90 N. Y. 293; Edgerton v. Page, 20 N. Y. 281; Finkelmeier v. Bates, 48 N. Y. Super. Ct. 433. It is clear, therefore, that no recovery for this damage was permissible in this action. The allowance of it would lead to a reversal of the judgment appealed from, were it not for the fact that the record discloses exactly the extent of damage which plaintiff sustained by reason of it. When the proof of damage in this respect was made, the learned judge below stated the items and their value, and again in the charge he stated the items and the exact amount. The verdict of the jury shows that they allowed this sum, and more presumably for damages sustained by the eviction. By deducting this item, which amounts to $128, plaintiff is relieved from the consequences of the error complained of.

The judgment and order appealed from will therefore be reversed, unless defendant consents to reduce the same by $128, together with

a proportionate amount of the extra allowance; and, if consent be given to so reduce, the judgment and order is affirmed, without costs to either party in this court. All concur.

---

## WOOD v. BROOKLYN CITY R. CO.

(Supreme Court, Appellate Division, Second Department. May 8, 1896.)

1. CARRIERS—RIDING ON STEPS OF STREET CAR.

It is not negligence per se to ride on the side step of a street car, where the car is so crowded that the passenger cannot obtain a place inside.

2. SAME—NEGLIGENCE—QUESTION FOR JURY.

In an action for injuries received by plaintiff while riding on the side step of defendant's street car, it appeared that as the car passed a truck, the horses attached to which were drinking at a water trough, plaintiff was struck by the tailboard of the truck. There was evidence that as the car approached there was sufficient space for it to pass the truck without striking, but that the horses moved backward while the car was passing. *Held*, that the question of the negligence of defendant's motorman was for the jury, as he should have considered the possibility of a movement by the horses.

Appeal from trial term, Kings county.