during which he pursued his diagonal course before the accident occurred. To start in such a direction, with his horse at a walk, and the approaching car only 150 feet distant, was to invite disaster, unless he took some efficient means to let the motorman know where he proposed to go. The case is not like that of a vehicle driven along a cross street at right angles over a railroad track in the intersecting street. There the passage of trucks, wagons, and carriages of various kinds is to be expected, and persons operating the railroad cars must be watchful to avoid them. But Throop avenue does not cross Fulton avenue, and the defendant's motorman was not bound to anticipate that the driver of a buggy, in order to get into that street, would drive diagonally onto the track, towards his approaching car, at a dangerously short distance from it, and without any notice. The plaintiff's act may be compared to that of a mariner whose vessel is run down because he has not given himself room enough when he undertakes to sail across the bows of another craft. Such experiments are perilous, and apt to result in misfortune.

The judgment and order appealed from must be reversed, and a new trial granted, with costs to abide the event. All concur.

---

(9 App. Div. 141.)

### McGRATH v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, Second Department. October 6, 1896.)

1. DAMAGES—EVIDENCE—CAUSE AND EFFECT.
   A finding that the death of plaintiff's horse was caused by a collision with defendant's street car is not sustained by the evidence, where it appears that the horse, which was thrown down by the force of the collision, immediately got up, was again attached to the wagon, and driven off, without showing any appearance of injury, and that he was afterwards afflicted with a sore throat, and died three weeks after the accident; there being no evidence of any connection between the sore throat and the accident.

2. APPEAL—MODIFICATION OF JUDGMENT.
   Where a recovery, in an action for injuries to the person and to property, is had as to both causes of action, as to one of which plaintiff was not entitled to recover, the appellate court may modify the judgment by deducting the erroneous item.

Appeal from trial term, Queens county.

Action by John McGrath against the Third Avenue Railroad Company for personal injuries, and for injuries to plaintiff's horse, wagon, and harness, alleged to have been caused by defendant's negligence. From a judgment for $3,234.37, damages and costs, and from an order denying a motion for new trial, made on the minutes, defendant appeals. Modified.

Argued before BROWN, P. J., and CULLEN, BARTLETT, and HATCH, JJ.

B. Franklin De Frece and William N. Cohen, for appellant.
Thomas C. Kadien, for respondent.

PER CURIAM. Upon the main question, of the negligence of the defendant and of contributory negligence upon the part of the plaintiff, we are of opinion that the evidence is sufficient to uphold the recovery for the personal injuries sustained. It would be of little service to here set down the process of reasoning by which this result is reached, as it simply involves the application of well-established rules to slightly differing proof.

So far as the injury to the horse is concerned, a different question is presented. There does not seem to be any sufficient evidence to show that the death of the horse was a consequence of the accident. The evidence upon this point tended to establish that the horse was thrown down by the force of the collision, immediately got up, was again attached to the wagon, and driven off. There was no appearance of injury to the horse, and he exhibited none as he moved off. The only testimony showing its subsequent condition comes from the plaintiff, and is, in substance, that after the accident the horse was "pining away"; that he was afflicted with a soreness of the throat, which was the only trouble; and that he died in three weeks. The evidence does not show that the horse was injured in the throat or elsewhere, nor was any attempt made to show connection between any injury and the disease of which he died. Inference from the testimony that the throat trouble was the result of the accident we do not think is permissible, as such a result would be quite unusual, and is in no sense a natural consequence. The proof of the value of the horse is unsatisfactory, and much of the testimony bearing thereon was incompetent. The court declined to charge that there could be no recovery for its value. Counsel for appellant raised all of these questions upon the trial, and now insists that, for the errors thus committed, the judgment must be reversed, and a new trial ordered. This result would inevitably follow if we were unable to relieve defendant from the consequences of the error. But the value placed upon the horse clearly appears; and if we deduct this amount, as we may do (Ludlow v. McCarthy, 5 App. Div. 517, 519, 38 N. Y. Supp. 1075), then defendant will have sustained no injury therefrom. The value of the horse was placed at $200. This sum should be deducted from the amount of the recovery.

The judgment will therefore be modified by deducting therefrom the sum of $200, together with a proportionate amount of the extra allowance, and, as thus modified, should be affirmed, without costs to either party in this court.