VAN v. MADDEN.

(Supreme Court, Appellate Division, Third Department.   May 5, 1909.)

1. PLEADING (§ 182*)—COUNTERCLAIM—FAILURE TO DEMUR OR REPLY—AD-
MISSION.
   Failure to demur or reply to a counterclaim admits the allegations
   thereof, but does not admit that such counterclaim was properly inter-
   posed.
   [Ed. Note.—For other cases, see Pleading, Cent. Dig. § 355; Dec. Dig.
   § 182.*]

2. PLEADING (§ 411*)—COUNTERCLAIM—OBJECTION—WAIVER.
   As Code Civ. Proc. §§ 498, 499, relative to waiver by failure to plead,
   refers only to defects in the complaint and waiver by defendant, an ob-.
   jection to a counterclaim is not waived by failure to demur or specifically
   object thereto by answer.
   [Ed. Note.—For other cases, see Pleading, Dec. Dig. § 411.*]

3. SET-OFF AND COUNTERCLAIM (§ 29*) — SUBJECT-MATTER — COUNTERCLAIM —
"SUBJECT OF THE ACTION."
   The words, "subject of the action," as used in Code Civ. Proc. § 501,
   providing that a counterclaim must arise out of the transaction on which
   the complaint is based, or be connected with the subject of the action,
   mean the facts constituting the cause of action.
   [Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig.
   §§ 49–51; Dec. Dig. § 29.*
   For other definitions, see Words and Phrases, vol. 7, pp. 6707–6708;
   vol. 8, p. 7807.]

4. SET-OFF AND COUNTERCLAIM (§ 29*)—SUBJECT-MATTER—COUNTERCLAIM.
   Under such provision, it was proper in an action by a seller of goods
   sold conditionally for failure to return part of the goods and for injuries
   to those returned to deny defendant's motion for judgment on a counter-
   claim, setting up that the property was returned to plaintiff at his demand,
   and that it was not retained for 30 days from the time of such retaking,
   nor within 30 days thereafter, were the goods sold at public auction, nor
   was any notice served as required by Laws 1897, p. 541, c. 418, § 117.
   [Ed. Note.—For other cases, see Set-Off and Counterclaim, Dec. Dig.
   § 29.*]

Appeal from Special Term, Fulton County.

Action by Pearl Van against George Madden.   From an order de-
nying defendant's motion for judgment on a counterclaim, because of
plaintiff's failure to reply or demur thereto, defendant appeals.   Af-
firmed.

Argued before SMITH, P. J., and CHESTER, KELLOGG,
COCHRANE, and SEWELL, JJ.

N. Frank O'Reilly, for appellant.
W. H. Bass (C. W. Smith, of counsel), for respondent.

SMITH, P. J.   The complaint shows that the plaintiff is a dealer
in circus and show tents, poles, seats, etc.   Upon the 20th day of May,
1908, he entered into a contract with one Mrs. B. F. Mitchell for the
sale of a complete outfit of tents for the performance of Uncle Tom's
Cabin and of accessories thereto.   The said vendee was to pay the
sum of $250 down and $25 per week thereafter until the sum of $600

was paid, until which time the title was to remain in the plaintiff. On or about the 2d day of July, 1908, this defendant assumed the contract of the vendee. About the 15th day of July, 1908, the defendant, without the knowledge or consent of the plaintiff as alleged in the complaint, shipped to the plaintiff at Northville part of the tenting and other paraphernalia; but a part thereof was not returned after demand, the value of such part being $100. The complaint alleges that the part that was returned was unlawfully and wrongfully damaged in the sum of $100, and there is a further claim of $62.80 for freight and cartage upon the same. There is a demand for judgment for $262.80. The answer admits the contract with Mrs. Mitchell as to certain personal property, and alleges the payment by Mrs. Mitchell of $250 thereon; admits the assumption by defendant of the obligations of said Mrs. Mitchell on or about the 2d day of July, 1908; admits the shipment to the plaintiff of the property mentioned; and denies specifically all other allegations of the complaint. The answer then contains what purports to be a separate and distinct defense "and by way of counterclaim." Under this defense and counterclaim, the defendant alleges the contract with Mrs. Mitchell, the assumption thereof by the defendant, and the payment by this defendant of the sum of $60 thereupon. The answer further alleges the return to the defendant of this property upon the 15th day of July, 1908, "at the request and demand of the plaintiff"; that the said property so taken by the plaintiff was not retained for a period of 30 days from the time of such retaking, nor within 30 days thereafter were the articles sold at public auction, nor was any notice served as required by section 117 of the lien law of the state (chapter 418, p. 541, Laws 1897). The defendant's prayer for relief is for judgment against the plaintiff for the sum of $310, with interest thereon from the 1st day of July, 1908, and the dismissal of the complaint with costs.

To this counterclaim neither reply nor demurrer has been served, and the order appealed from denies defendant's motion for judgment thereupon.

A failure to demur or to reply undoubtedly admits the allegations of the counterclaim. Such failure, however, does not admit that the counterclaim was properly interposed. The provisions of sections 498 and 499 of the Code of Civil Procedure refer to objections to the complaint, and not to objections to the counterclaim. Lipman v. J. A. I. Works, 128 N. Y. 58, 27 N. E. 975; Spofford v. Rowan, 124 N. Y. 108, 26 N. E. 350. If, therefore, the counterclaim were improperly interposed in this action, the motion for judgment thereupon was properly denied.

It is assumed by both counsel upon the argument that the complaint states a cause of action for a tort, for a wrongful conversion, and a wrongful trespass, and it seems to be agreed that unless this cause of action arose out of the contract or transaction set forth in the complaint as a foundation of plaintiff's claim, or be connected with the subject of the action, the counterclaim was not properly interposed. It is insisted, however, upon the part of the defendant that this counterclaim complies in all respects with this requirement of the Code. With

this insistence we cannot agree. The transaction of which the plaintiff complains is the wrongful conversion of part of the property with which the counterclaim has no connection whatever, and the wrongful trespass upon the balance of the property, with which property the counterclaim has a remote connection. It is not always easy to interpret the meaning of those words in section 501 of the Code of Civil Procedure, "connected with the subject of the action." In Chamboret v. Cagney, 2 Sweeny, 378, the question arose as to the construction to be given to the words "subject of the action" contained in section 150 of the Code as it existed in 1870. Judge Freedman in discussing this provision of the Code says:

"I have not been able to find that the precise meaning of the words 'subject of the action,' as used in that subdivision, has ever been judicially determined. In Borst v. Corey, 15 N. Y. 509, the Court of Appeals held that the term 'subject-matter' of suits, as used in section 49 (of 2 Rev. St. [1st Ed.] p. 301), is synonymous with the term 'cause of action' used elsewhere in the same statute. Analogy as well as sound reasoning call for a similar construction of the words 'subject of the action.'"

These words must be deemed to mean the subject-matter in dispute, or, to be still more explicit, the facts constituting the cause of action. In the case at bar plaintiffs brought the action for a trespass upon their property. The object of the action is to recover damages, but the subject thereof is the trespass committed by the defendant. The counterclaim interposed by the defendant is based partly upon plaintiffs' fraudulent concealment of property not taken by the defendant, and partly upon the failure of plaintiffs' title to property which was taken. But it is not connected with the trespass upon which plaintiffs rely, nor can it be claimed that it arose out of the transaction set forth in the complaint. I concede that section 150 of the Code was enacted to simplify and expedite the administration of justice; that it is a remedial and beneficial provision, which should, at all times, receive a liberal construction, and from the start I felt strongly inclined to uphold the counterclaim. Subsequent reflection, however, has convinced me that it cannot be done without a great stretch of the meaning of the words "subject of the action" beyond their true and proper significance. This case was referred to and approved in Rothschild v. Whitman, 132 N. Y. 476, 30 N. E. 858. In Bernheimer & Schmid v. Hartmayer, 50 App. Div. 316, 63 N. Y. Supp. 978, the plaintiff sued for the value of certain chattels which it is claimed were wrongfully detained by the defendant. The defendant counterclaimed for the value of the storage of these same articles, alleging that they were left with the defendant after the defendant had directed them to be removed. It was there held that the counterclaim was not authorized under this section of the Code of Civil Procedure. From these authorities we conclude that the order was right, and should be affirmed, with $10 costs and disbursements.

Order affirmed, with $10 costs and disbursements. All concur.