WHITE v. IMPROVED PROPERTY HOLDING CO. OF NEW YORK.

(Supreme Court, Appellate Division, First Department. November 4, 1910.)

ACTION (§ 48*)—JOINDER OF CAUSES OF ACTION.

 A complaint, alleging defendant's breach of a lease contract in failing to properly protect the premises so as to prevent the loss of certain property, and also alleging defendant's conversion of the property in so negligently protecting the same as to allow third persons to appropriate it, is not within Code Civ. Proc. § 484, subd. 9, providing that causes of action may be joined in the same complaint based upon claims arising out of the same transaction, since the first allegation based the claim upon breach of contract, whereas the latter based the claim upon conversion of the property, which are separate transactions, though the stipulated amount of recovery sued for was the same under both allegations.

 [Ed. Note.—For other cases, see Action, Cent. Dig. §§ 490–510; Dec. Dig. § 48.*]

Appeal from Special Term, New York County.

Action by George Derby White against the Improved Property Holding Company of New York. From the interlocutory judgment, overruling defendant's demurrer to the complaint, defendant appeals. Reversed, and demurrer sustained.

See, also, 134 App. Div. 948, 118 N. Y. Supp. 1057.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

George Hahn, for appellant.
Edward K. Sumerwell, for respondent.

LAUGHLIN, J.   The first ground of demurrer is that an action for breach of contract is joined with an action for the conversion of personal property, and that such causes of action are not consistent with each other, and do not fall within any one of the subdivisions of section 484 of the Code of Civil Procedure.   I am of the opinion that the demurrer was well taken.   It is evident that the plaintiff has attempted to set forth two causes of action, separately numbered and stated, to recover the *same amount* of damages on two different theories; but it does not necessarily follow that the causes of action may be joined in one complaint.

In the first cause of action it is alleged that plaintiff leased to the defendant certain rooms in the 320–322 Fifth Avenue Building, and that between the 5th day of March and the 1st day of April, 1909, the defendant "unlawfully and wrongfully took and converted" certain personal property of the plaintiff lawfully on the leasehold premises, "and disposed of the same to its own use," whereby the plaintiff sustained damages in the sum of $3,843.   In the second cause of action it is alleged that it was provided in the lease that the defendant should cause the premises to be cleaned and cared for and should be responsible for the loss of property "in or from said leased premises caused by the gross neglect" of the janitor or his assistants; that the premises were part of an office building containing freight and passenger elevators, which were in charge of the servants of the defendant, who had access to the premises; that the defendant, not regarding its duty, "so negligently conducted itself in caring for said property that, through the gross neglect and misconduct of the defendant, its servants, and agents, and without negligence on the part of the plaintiff, said property was removed from said premises, in the absence of the plaintiff, his servants, and agents, by some person or persons unknown to the plaintiff, and thereby said property was wholly lost to the plaintiff, to his damage" in said sum of $3,843.

In an action for conversion, an order of arrest might be obtained and a body execution issued on the judgment.   Code Civ. Proc. §§ 549, 556, 557.   But no such relief can be had in an action for breach of contract by which personal property has been lost, as alleged in this complaint.   Although this may not be a controlling consideration, it is important in determining the legislative intent in construing the provisions of section 484 of the Code of Civil Procedure, which specifies the causes of action that may be joined in the same complaint.   It is not contended that authority for joining these two causes of action is found in any of the subdivisions of section 484, excepting the ninth. That subdivision, in connection with the first sentence of the section, provides that the plaintiff may unite in the same complaint two or more causes of action brought to recover "upon claims arising on same transaction or transactions connected with the same subject of ac-

tion, not included within one of the foregoing subdivisions of this section." By the last paragraph of that section it is further provided that it must appear upon the face of the complaint that all the causes of action "so united belong to one of the foregoing subdivisions of this section," and "that they are consistent with each other."

It is quite clear, I think, that the cause of action for the wrongful conversion of personal property by the defendant is not consistent with a cause of action for the breach of an agreement on his part to safeguard the property against loss, whereby, through his neglect to perform his contract duty, the property was removed and appropriated by a third party. If the property was converted by the defendant, it surely was not taken by a third party through his neglect to care for it. Conversion implies a wrongful and willful act on the part of the defendant.

Moreover, I am of the opinion that the claim for conversion and the claim for breach of contract do not arise out of the same transaction or transactions connected with the same subject of the action, within the scope and meaning of subdivision 9 of section 484 of the Code of Civil Procedure. The "transaction" upon which the cause of action for conversion is based was the conversion. See People v. Dennison, 84 N. Y. 272; Story v. Richardson, 91 App. Div. 381, 86 N. Y. Supp. 843, affirmed 18 N. Y. 584, 74 N. E. 1126; Van v. Madden, 132 App. Div. 535, 116 N. Y. Supp. 1115; Deagan v. Weeks, 67 App. Div. 410, 73 N. Y. Supp. 641; Neigle v. Willis, 50 Hun, 588, 3 N. Y. Supp. 497. On the other hand, the subject of the action for the breach of contract and the transaction upon which it was based are the contract and the facts constituting the breach. See Lehmaier v. Griswold, 40 N. Y. Super. Ct. 100, Carpenter v. Manhattan, 93 N. Y. 552, and Rothschild v. Whitman, 132 N. Y. 472, 30 N. E. 858.

It follows, therefore, I think, that the interlocutory judgment should be reversed, with costs, and demurrer sustained, with costs, with leave to plaintiff to serve an amended complaint, upon payment of costs in this court and in the court below. All concur.