WILLIAMS PATENT CRUSHER & PULVERISER CO. v. LYTHE TILE CO.

(Supreme Court, Special Term, Erie County. January, 1914.)

PLEADING (§ 339*)—COUNTERCLAIM—REPLY—APPLICATION TO WITHDRAW.

Plaintiff, a foreign corporation, having designated no person in New York on whom process could be served, sued defendant in replevin, and, plaintiff having replied to a counterclaim alleging damages by reason of certain fraudulent representations, plaintiff applied to withdraw the reply and demur to the counterclaim, on the ground that the matters set forth were not available to defendant as a counterclaim in replevin. *Held*, that since the effect of granting the motion if the demurrer should be sustained on that ground would be to compel defendant to sue plaintiff on the counterclaim in Missouri concerning a transaction had in New York and growing out of representations claimed to have been made there, the application would be denied, except that plaintiff would be permitted to withdraw its reply in order to demur to the counterclaim for want of facts.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 1033–1045; Dec. Dig. § 339.*]

Action by the Williams Patent Crusher & Pulveriser Company against the Lythe Tile Company. Motion by plaintiff for permission to withdraw reply and demur to defendant's answer. Denied.

Frank Gibbons, of Buffalo, for the motion.

Eugene Bartlett, of Buffalo, opposed.

WHEELER, J. The action is one of replevin to recover certain machinery. The defendant set up a counterclaim alleging damages by

---

reason of certain alleged false representations. To this the plaintiff replied, but now asks permission to withdraw the reply and to demur to the counterclaim on two grounds: First, that the answer, wherein it attempts to set up a counterclaim, does not set forth a cause of action; second, that the matters set forth are not available to defendant as a counterclaim in an action of replevin.

On the second proposition, the case of Van v. Madden, 132 App. Div. 535, 116 N. Y. Supp. 1115, seems to sustain the plaintiff's contention; but the question remains whether the plaintiff should be permitted at this time to withdraw its reply and raise the question by demurrer. The defendant strenuously objects to an order permitting this to be done, and an unpleasant controversy has arisen between the attorneys as to whether certain things were said and done, which might have a bearing on the propriety of granting the plaintiff's motion. This court does not propose to determine who is right and who is wrong in their recollection of what was said and done. We think this motion should be disposed of on other grounds.

It is undisputed the plaintiff is a foreign corporation, with no designated person in this state on whom process can be served. If the plaintiff's motion is granted, and a demurrer on the second ground is interposed and sustained by the court, then the defendant will be compelled to sue the plaintiff in the courts of Missouri for the damages alleged in the counterclaim. And this, too, in a transaction had in New York, and growing out of representations claimed to have been made here. It seems to us that, as matter of public policy and a duty the state owes its own citizens in a matter of discretion, the courts of this state should not take such judicial action as will deprive its own citizens of the benefit of its own forums of justice in which to assert and try out on the merits their alleged demands against nonresident parties. For this reason, we think this court should deny the motion so far as permission is asked for leave to demur on the second ground stated.

Permission, however, is given for leave to demur on the ground that the alleged counterclaim does not set forth a cause of action.

So ordered.