NATHAN JACOBS and MOLLIE E. JACOBS, Respondents, *v.* WILLIAM W. MULFORD and Others, Appellants.

Third Department, July 7, 1921.

Replevin — joint action to recover possession of goods — counterclaim against one of plaintiffs to recover possession of other goods not maintainable — breach of contract on part of one of plaintiffs cannot be asserted as counterclaim.

In an action of replevin brought by two plaintiffs jointly to recover possession of certain goods a counterclaim based on the conversion of certain other and different property by one of the plaintiffs cannot be asserted under section 501 of the Code of Civil Procedure.

A breach of contract on the part of one of the plaintiffs, but in nowise involving the other plaintiff, cannot be asserted as a counterclaim.

Appeal by the defendants, William W. Mulford and others, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Greene on the 21st day of October, 1918, sustaining plaintiffs' demurrer to two counterclaims.

*Brinnier, Canfield & Brinnier* [*William D. Brinnier* and *Palmer Canfield,* of counsel], for the appellants.

*Edward W. Lackey,* for the respondents.

Woodward, J.:

The complaint alleges that at the time of the commencement of this action the plaintiffs were the owners of and entitled to the immediate possession of the articles mentioned in a schedule attached to the complaint of the value of $3,678; that the defendants have become possessed of and wrongfully detain from the plaintiffs the articles mentioned in the schedule, and that prior to the commencement of this action the plaintiffs duly demanded of defendants that they return the said articles, and that the defendants have refused to do so. The demand for judgment is the return of the goods or the payment of their value. The action is clearly one for replevin, involving elements of conversion, and sounds in tort.

The defendants deny all of the material facts, except that they admit that they have possession of certain of the personal property mentioned in the complaint. They then allege as a defense that they are the owners of a certain hotel property known as the Mountain Summit House in Tannersville, Greene county, and that on the 12th day of September, 1904, they leased said premises to Mollie E. Jacobs, one of the plaintiffs, together with the furniture therein, to be used as a summer hotel for the term of five years, with the privilege of a five-year renewal; that the said Mollie E. Jacobs agreed to make certain improvements, and that she exercised the option of renewing the lease, and that " at the expiration of said renewed term, and on or about September 15th, 1914, the said plaintiff, Mollie E. Jacobs, as such lessee, surrendered the said premises together with the fixtures and equipment there at said time, including the furniture and furnishings, to

these defendants, and these defendants have been lawfully possessed of said fixtures, equipment, furniture and furnishings since said time."

The plaintiffs' demurrer to this much of the answer has been overruled, and no appeal has been taken from the order in this regard.

Further answering, the defendants as a defense and counterclaim reallege the matters set up as a defense and that " said plaintiff, Mollie E. Jacobs, wrongfully removed and took from said hotel and premises certain personal property furnished by these defendants and leased with said premises, and she wrongfully retains same or has wrongfully disposed of same. That these defendants are the owners thereof and entitled to the immediate possession thereof, and same are of the reasonable value of $5,022.40; that prior to the commencement of this action these defendants duly demanded of said plaintiff the return thereof, but she has failed and neglected so to do; that hereto annexed is an itemized statement of said articles, marked A, and made a part hereof."

The plaintiffs demurred to this counterclaim, and the court has sustained the demurrer, the defendants appealing. It is to be remembered that there are two plaintiffs. They allege ownership of certain definite personal property concededly in the possession of the defendants, who refuse to deliver the same on demand. The defendants allege as a counterclaim a conversion of certain other and different property, not by the plaintiffs, but by one of them. The question presented is whether this is such a claim as may be asserted as a counterclaim under the provisions of section 501 of the Code of Civil Procedure. The court at Special Term has held that it is not, and we are persuaded that this determination ought not to be disturbed.

The provisions of the Code of Civil Procedure are that a counterclaim " must tend, in some way, to diminish or defeat the plaintiff's recovery, and must be one of the following causes of action against the plaintiff　*　*　*　and in favor of the defendant, or of one or more defendants, between whom and the plaintiff a separate judgment may be had in the action: 1. A cause of action arising out of the contract or transaction, set forth in the complaint as the foundation of

the plaintiff's claim, or connected with the subject of the action. 2. * * *." Subdivision 2 is not involved here. This is not an action on a contract; it is for the wrongful withholding of property alleged to belong not to Mollie E. Jacobs but to the plaintiffs jointly, and the fact that the defendants may have a like cause of action against one of the plaintiffs for the conversion of other and different personal property does not bring the case within the provisions of the statute. The plaintiffs, as joint owners of the property set forth in the complaint, are entitled to recover the property or its value if they succeed in this action, and a judgment against Mollie E. Jacobs for converting some other property would not tend to diminish the amount to which the joint plaintiffs are entitled. Section 446 of the Code of Civil Procedure provides that " all persons having an interest in the subject of the action, and in obtaining the judgment demanded, may be joined as plaintiffs, except as otherwise expressly prescribed in this act," and section 448 provides that " of the parties to the action, those who are united in interest must be joined as plaintiffs or defendants, except as otherwise expressly prescribed in this act," and we find no provision which interferes with the right of joint owners of personal property to bring an action for its recovery. Their interests being joint they are in legal effect but one party, and their joint interests cannot be affected by the fact that one of the plaintiffs has committed a wrong upon or against the property of the defendants. The defendants would have no cause of action against the plaintiffs in this action jointly, and they cannot interpose a claim against one of them for the purpose of diminishing or defeating the cause of action vesting in both of them. Moreover, under well-considered authorities, the alleged conversion by the plaintiff Mollie E. Jacobs did not arise out of the transaction which the plaintiffs allege as their cause of action — the claim for a conversion of certain specified articles by the defendants. The conversion is the transaction or subject of the action; this conversion took place when the plaintiffs demanded the return of the property and the defendants refused compliance, and there is nothing in the pleadings to show that the alleged conversion of other goods by the plaintiff Mollie E. Jacobs had any relation whatever to the acts of the defendants in

refusing to deliver the goods belonging to the plaintiffs jointly. It may have afforded the excuse for this action, but the excuse is not the transaction or the subject of the action. (*Rothschild* v. *Whitman,* 132 N. Y. 472, 476.) The case of *Van* v. *Madden* (132 App. Div. 535, 537, 538) and the authorities therein cited and relied upon seem to dispose of this question.

The defendants plead a second counterclaim, alleging a breach of contract on the part of the plaintiff Mollie E. Jacobs, but in no wise involving the other plaintiff, and we are clearly of the opinion that this cannot be availed of in the present action. The principles involved are substantially those which we have already considered, and it does not seem necessary to go over the grounds again.

The order appealed from should be affirmed, with costs.

Order unanimously affirmed, with ten dollars costs and disbursements.