WILLIAM S. MOORE, as Receiver of the Property of PETER H. COYNE, Judgment Debtor, Appointed in a Proceeding Supplementary to Execution, and Another, Plaintiffs, *v.* CORNELIUS T. LYNCH, Defendant.

Supreme Court, Ontario County, September 15, 1927.

Pleadings — counterclaims — action by receiver of judgment debtor for conversion of property left on premises of landlord — counterclaim for rent cannot be pleaded under Civil Practice Act, § 266, subd. 1.

In an action brought by the receiver of the property of a judgment debtor for conversion of certain property left by the judgment debtor on the premises of his landlord, the defendant, a counterclaim by the landlord for rent cannot be pleaded under subdivision 1 of section 266 of the Civil Practice Act.

MOTION by plaintiffs to strike out defense and dismiss counterclaim.

*Cole & Wyckoff* and *William S. Moore,* for the plaintiffs.

*McAvoy & Kirby* and *William S. McGreevy,* for the defendant.

THOMPSON, J. In plaintiff's action for conversion defendant has interposed a counterclaim for rent. Defendant was the landlord

25

of plaintiff's judgment debtor and the property alleged to have been converted was left by the tenant on the premises when he gave up possession and surrendered the lease. Plaintiff moves to strike out the counterclaim upon the ground that it is not one of those authorized by subdivision 1 of section 266 of the Civil Practice Act. The question we have here then is, is this defense a cause of action arising out of the contract or transaction set forth in the complaint or connected with the subject of the action?

It appears that the tenant had vacated the premises, and the landlord had come into possession of them. Thus in law the lease was surrendered and the relationship of landlord and tenant came to an end. (*Saracena* v. *Preisler*, 180 App. Div. 348.) True there was an amount due for rent, and true also plaintiff left the property upon the premises, for the conversion of which he is here suing, he claiming that he had not yet had opportunity to remove it and defendant insisting that he had abandoned it. In these circumstances, however, it does not seem to me that it can be said that the cause of action for rent arose out of the transaction in conversion or that it has any connection with it.

It is the general rule that an independent tort which is not connected with the subject of an action for rent cannot be made the basis of a counterclaim or setoff in such an action, and the converse of this rule is equally true. (34 Cyc. 706, 16 R. C. L. 942; 36 C. J. 410; *Van* v. *Madden*, 132 App. Div. 535.)

So we find that in an action upon a lease for office rent, a counterclaim for damages suffered by the tenant due to the landlord's allowing occupants of adjoining rooms to carry on a noisy mechanical business, interfering with the use and occupancy of the demised premises, the court held that such a defense did not constitute a counterclaim. (*Boreel* v. *Lawton*, 90 N. Y. 293.)

In *Miller Co.* v. *Stokes* (7 Misc. 433) a tenant sued his landlord for the conversion of his office furniture and the landlord attempted to interpose a counterclaim for rent. In sustaining a demurrer to the counterclaim the court wrote among other things: " The mere fact that the tenant placed these chattels in the premises demised to him by defendant, who converted them to his own use, does not make the landlord's cause of action for unpaid rent arise out of the tenant's action in tort for conversion, or connect it with the subject of such action." (See, also, *Finkelmeier* v. *Bates*, 48 N. Y. Super. Ct. [16 J. & S.] 433; affd., 92 N. Y. 172.) Again in *Ludlow* v. *McCarthy* (5 App. Div. 517), which was an action to recover rent, it was held that the conversion of the tenant's personal property by the landlord was a separate and independent act, disconnected from the subject of the action, and could not be said

MATTER OF GOLDBERG. 387

Misc. 387]     Surrogate's Court, New York County, August, 1927.

to have arisen out of the contract or transaction set forth in the complaint. It may be observed that point is made by the court of the fact that the lease of the premises in this case expired before the conversion and entertained the opinion that if the conversion had taken place during the life of the lease, the counterclaim might have been sustained upon the theory that it arose out of a violation of the covenant for quiet enjoyment. A similar distinction is also found in *Barker* v. *Platt* (15 N. Y. Civ. Pro. 52), in which the defendant, who had acted as agent for the plaintiff, unsuccessfully attempted to counterclaim for commissions earned in selling goods, in his principal's action in conversion against him for moneys which he collected and kept; it not appearing that the commissions were due on the sales, the avails of which defendant had failed to turn over. In demonstration of this principle, but with a contrary result, there is the case of *Littman* v. *Coulter* (23 Abb. N. C. 60), in which the court sustained a counterclaim for conversion in an action for rent because it appeared that plaintiff had applied the converted property on the rent claim, thus connecting the two transactions. The case of *Bell* v. *Lesbini* (66 How. Pr. 385), in which the court held that a counterclaim for personal property converted by plaintiff after ejecting defendant from his room does not arise out of the transaction mentioned in the complaint, where plaintiff is suing for money due for board and lodging, is directly in point with the case we have here and most convincing. (See, also, *Kinsman* v. *Stanhope*, 50 Mont. 41; L. R. A. 1916C, 443 and note; *Scott* v. *Wagner*, Id. 491 and note; *Adams* v. *Loomis*, 54 Hun, 638.)

Tested by the rule of these cases this counterclaim cannot be interposed against the cause of action alleged in the complaint.

The motion to strike out the counterclaim is granted; in all other respects the motion is denied. No costs. Submit order upon notice or consent. So ordered.