## Rogers *vs.* King and others.

The defendant, upon a case made a motion, at a Special Term, for a new trial, which motion was denied. From the order denying that motion no appeal was taken; the defendant appealing from the judgment alone. *Held* that the court could only consider the exceptions.

In an action for the conversion of a canal·boat, it appeared that the boat had been delivered to the defendants to repair, by C. The defendants, by their third answer, alleged that the plaintiff saw the boat while in their possession, and knowing that they were making repairs omitted to disclose his title to the boat; and claimed that the plaintiff was thereby estopped from claiming the boat, except subject to their lien. The plaintiff did not reply to the answer. On the trial, the defendants claimed to read the third answer in evidence, as proof of the allegations therein contained, on the ground that it set up a counter claim, and not being replied to, its truth was admitted. *Held* that the facts alleged did not constitute a counter claim, and the court below properly overruled the claim made. That the most that could be claimed for the answer was that it set up an estoppel on the question of title, and the facts alleged in it might have been given in evidence on the question of title, without any special answer.

Where a mortgagor of personal property has possession and control of the property, this is *prima facie* evidence of a right to the possession; and if a third person seeks to impeach that right he must produce the evidence by which it would appear that the possession was wrongful, or that the right has been diverted according to law.

APPEAL from a judgment for the plaintiff, entered upon a verdict at the Cayuga circuit.

*H. V. Howland*, for the appellant.

*C. W. White*, for the respondent.

*By the Court*, TALCOTT, J. The defendant in this case made a motion, on his case, for a new trial, at the Monroe Special Term, which motion was denied. From the order denying that motion no appeal has been taken. The appeal is from the judgment alone; consequently we can only consider the exceptions. The action was for the conversion of a canal boat.

The defendants were boat builders and repairers, and the boat had been delivered to them to repair, by one

Covell. The third answer of the defendants alleges, in substance, that the plaintiff saw the boat while in the possession of the defendants, and knowing that they were making and contemplated continuing the repairs, omitted to disclose his title to the boat, and claims that the plaintiff is thereby estopped from now claiming the boat, except subject to their lien. The plaintiff did not reply to the answer, and on the trial the defendants' counsel claimed to read the third answer in evidence as proof of the allegations therein contained, on the ground that the third answer set up a counter claim, and that the truth of the allegations contained in it was admitted by the omission to reply. The court overruled this claim. The ruling was correct. The most that could be claimed for the answer was that it set up an estoppel on the question of title, and the facts alleged in it might have been given in evidence on the issue of title, without any special answer. Estoppels *in pais* are not required to be pleaded. The facts alleged do not constitute a counter claim. A counter claim is a cause of action existing in behalf of a defendant against a plaintiff. (*Code*, § 150.) The third answer sets up no cause of action which would enable the defendants to recover against the plaintiff in an independent action.

The only other exception arises on the charge. The defence set up by the defendants was a sale of the boat upon a chattel mortgage given by Matthew Vandenbergh to one Gilley. Upon that branch of the case no exception was taken, and no question arises of which we can take cognizance on this appeal. The plaintiff, who purchased the boat of the said Vandenbergh, incidentally stated in his testimony that he gave Vandenbergh a mortgage on the boat to secure a part of the purchase money, which however was paid up before the commencement of this suit. The mortgage was not introduced in evidence, nor do its terms in any way appear. The plaintiff took possession of the boat and was

Rogers *v.* King.

running her; and while he was on his way to New York with a cargo, she sunk in a storm at Haverstraw Bay, on the North river. The plaintiff procured her to be towed into dock, and was making efforts to raise her when it became so cold that work was suspended and the plaintiff went away, leaving the boat in charge of some person. He went back after the boat the following season, when he found that she was gone, and he never was able to find her till he discovered her in the hands of the defendants at Port Byron, about the time this suit was commenced. The defendants gave evidence tending to show that Matthew Vandenbergh sold the boat, after she was sunk, to one George Wyans, at Buffalo. This appears to have been a private sale, without any notice; nor does it appear by what right Vandenbergh claimed to sell to Wyans. Covell, who delivered the boat to the defendants, claimed title under Wyans. The defendants' counsel asked the court to charge the jury "that if Wyans bought this boat of Matthew Vandenbergh, at the time he testified he did, Vandenbergh being the mortgagee of the unpaid mortgage given by the plaintiff, Wyans got a good title to the boat, against the plaintiff. And that Covell also had title when he put her on the defendants' dock, and the plaintiff could not recover." The court refused to charge, and the defendants excepted. There was no error in the refusal. The plaintiff had the possession and control of the boat after having given the mortgage to Vandenbergh. It must be presumed, in the absence of any evidence to the contrary, that that possession was rightful and consistent with the terms of the mortgage. It did not appear that the mortgage was forfeited when Vandenbergh assumed to sell, nor but that the sale was wholly void as to the plaintiff. The plaintiff had possession and control of the property. This was *prima facie* evidence of a right to the possession, and it was necessary for the defendant, if he sought to im-

peach the right of the plaintiff to the possession or control, to produce the evidence by which it would appear that the possession was wrongful, or that the right had been divested according to law.

The judgment must be affirmed.

Judgment affirmed.

[FOURTH DEPARTMENT, GENERAL TERM, at Buffalo, January 7, 1873. Mullin, Talcott and E. D. Smith, Justices.]