M. Cornhauser & Co., Respondent, vs. Roberts and another, Appellants.

*January 8 — January 28, 1890.*

*Partnership: Pleading: Estoppel: Findings of fact.*

1. Under the general allegation that the defendants as copartners became indebted for goods sold and delivered to them, the plaintiff may prove the partnership, so far as the sale is concerned, by evidence showing an estoppel to deny the same.

2. A finding that, relying upon the representations of one of the defendants that he was a copartner with the other, the plaintiff sold and delivered to them, under their firm name and at their request, goods at a certain price, which they agreed to pay, is sufficient to sustain a judgment against them, without a further finding that they were in fact partners.

APPEAL from the Circuit Court for *Marinette* County. The following statement of the case was prepared by Mr. Justice Taylor as a part of the opinion:

The plaintiff and respondent is a corporation, and brought this action against the appellants and defendants to recover for the value of goods, wares, and merchandise alleged to have been sold to them as copartners. The complaint alleges, among other things, "that on February 23, 1882, the said defendants, as copartners, became indebted to the plaintiff on account of goods, wares, and merchandise sold and delivered by the plaintiff to the defendants at their request, in the sum of $236; that the indebtedness was due on the 23d of May, 1882, and remains unpaid except as to the sum of $50; and demands judgment for $186, and interest from August 25, 1882."

The action was tried without a jury, and the court found the following facts: "*First.* That on or about February 23, 1882, the defendant *William Diamond* represented to the plaintiff that he was a copartner of, and doing business

M. Cornhauser & Co. vs. Roberts and another.

with, *Merritt E. Roberts*, under the firm name of M. E. Roberts & Co. *Second*. That on said date the plaintiff, trusting to and relying upon said representations of the said defendant *William Diamond*, sold and delivered to the defendants, under their firm name of M. E. Roberts & Co., and at their request, goods, wares, and merchandise of the value of, and at the agreed price of, $236, which sum the defendants agreed to pay the plaintiff in four months from that date. *Third*. That no part of said sum has been paid except the sum of fifty dollars, August 25, 1882. *Fourth*. That there is now due and owing from the defendants to plaintiff the sum of one hundred and eighty-six dollars, with legal interest thereon since August 25, 1882, being in all the sum of two hundred and sixty-five and 86–100 dollars ($265.86)."

The defendants appealed from the judgment rendered in favor of the plaintiff, and allege as error (1) that "the findings of fact are not within the issues made by the pleadings;" and (2) that, if the findings are within the issues, they "are not sustained by the evidence."

The cause was submitted for the appellants on the brief of *C. E. McIntosh*, and for the respondent on that of *Simpson & Scudder*.

For the appellants it was contended, *inter alia*, that the goods were bought by *Roberts* alone, without the knowledge of *Diamond*. As to *Diamond* the judgment should be reversed because the findings of fact as to him are not within the issues made by the pleadings. An estoppel *in pais*, to be available as such, must be pleaded. Bigelow on Estoppel (4th ed.), 697 *et seq.; Gill v. Rice*, 13 Wis. 549; *Warder v. Baldwin*, 51 id. 450; *Borkenhagen v. Paschen*, 72 id. 272; *Folsom v. Star Union L. F. F. L.* 54 Iowa, 490; *Ind. Sch. Dist. v. Merchants' Nat. Bank*, 68 Iowa, 343; *Eikenberry v. Edwards*, 67 id. 14; *Parliman v. Young*, 2 Dak. 175; *Johnson v. Stellwagen*, 67 Mich. 10, 14.

TAYLOR, J. Under the first assignment of error, the learned counsel for the appellants contend that the court has not found that the defendants were indebted as copartners to the plaintiff for the goods sold, and insist that the judgment is based upon an estoppel as to the defendant *Diamond*, which, under the facts proved, prevents him from alleging, as to this particular debt due the plaintiff, that he was not a partner of his codefendant. If we understand the claim of the learned counsel for the appellants, it is that in a case where it is conceded or established upon the trial that one or more of defendants alleged to be indebted as copartners with the other defendant or defendants is not in fact a copartner, and the plaintiff seeks to charge him as such copartner because, as to the plaintiff, he has held himself out as such and so induced the plaintiff to give credit to the defendants as copartners, the complaint must set out the facts necessary to charge the defendant who is not in fact a partner, and that he cannot recover upon a complaint simply alleging generally that the defendants are indebted as copartners. The claim is that the plaintiff, if he can recover at all, recovers on the ground of estoppel and not on the ground that the defendants are copartners, and that, in all cases where a party seeks to charge a party with a debt on the ground of estoppel, the facts must be alleged in the pleadings.

We think this contention of the learned counsel for the defendants is not sustained by principle or authority. The complaint alleges that the defendants are indebted to plaintiff as partners for goods sold and delivered to them as partners. The defendants, by their answer, deny the partnership. It becomes necessary, therefore, for the plaintiff to prove the partnership in order to maintain its action. This it may do by direct proof of the partnership, by the admissions of the several defendants that they were at the time partners, or by other acts which show that they were

holding themselves out as partners.  Bates, in his work on Partnership (sec. 1154), says:  "The admission of a person that he is a partner is competent proof of the partnership against himself;" and, "as the admission of a member proves the partnership as against him, the existence of the firm may be proved against all by the separate admissions of each."  In the case at bar, the plaintiff gave evidence of the admissions of the defendant *Diamond* tending to prove that he was a partner of *Roberts;* and there is also evidence tending to show that the goods were sold and delivered to *Roberts*, relying upon such admission of *Diamond* that he was a partner and liable as such to pay for the goods sold.  So far as the plaintiff is concerned, it makes out the *status* of *Diamond* as a partner.  This proof of the partnership may be in the nature of an estoppel on *Diamond*.  Still it is admissible as tending to prove the fact of partnership, which is the main issue in the case.  The mere fact that it is also evidence upon which an estoppel *in pais* might be based is no objection to the evidence as admissible to prove the alleged partnership.  This was so expressly held in *Reber v. Columbus M. M. Co.* 12 Ohio St. 175.  In Bates, Code Pl. 187, the learned author says:  "Where the defendants, being sued as partners, denied that they were such, evidence that they held themselves out as such is admissible to show a partnership.  The plaintiff need not aver the facts constituting the estoppel.  It is mere evidence of the main fact."  And he cites the Ohio case above cited, as sustaining his statement of the rule.  In *Rogers v. King*, 66 Barb. 495, a decision involving to some extent the same question was determined in the same way.  See Pars. Partn. § 70.  It seems to us too clear to require any extended argument to show that evidence which is offered by the plaintiff, and which tends to prove the allegation in his complaint that the goods were sold to the defendants as partners, and which also tends to prove that, as to the

plaintiff, they were partners so far as the sale in question is concerned, may be considered in determining the issue in the case, although such evidence might be used by the plaintiff to estop the defendants from denying the partnership.

It is also objected that the court' did not find as a fact that the defendants were partners at the time the goods were sold to them by the plaintiff. It is probable that the learned circuit judge did not so find because he thought there was not evidence sufficient to sustain such finding. But, upon the facts found, he was clearly justified in finding that the plaintiff, relying upon the representation of the defendant *Diamond*, sold and delivered to the defendants, under the firm name of M. E. Roberts & Co., and at their request, goods and merchandise of the value of $236, which the defendants agreed to pay in four months from that date; and upon this finding the plaintiff was entitled to judgment for the value of the goods not paid for. The evidence tended to show a joint liability on the part of the defendants to pay the debt. Pars. Partn. § 70. We think there can be no question but that the first and second findings of fact are supported by the evidence.

*By the Court.*— The judgment of the circuit court is affirmed.