(7 Misc. Rep. 433.)

### MONROE–MILLER CO. v. STOKES.

(City Court of New York, General Term. March 9, 1894.)

COUNTERCLAIM—MATTERS ARISING OUT OF THE SAME TRANSACTION.

In an action for conversion, an answer which alleges, by way of counterclaim, that defendant let to plaintiff an office room, that plaintiff still owes him for the rent of such room, that the chattels mentioned in the complaint were permitted by defendant to be placed in said office in consideration of the lease, and that defendant has a lien on the chattels, and is entitled to hold the same as security for the rent, does not state matter arising out of, or connected with, the subject of the action.

Appeal from special term.

Action by the Monroe-Miller Company to recover the value of office furniture alleged to have been converted by defendant. From a judgment sustaining a demurrer to a counterclaim, defendant appeals. Affirmed.

Argued before VAN WYCK, NEWBURGER, and McCARTHY, JJ.

John Delahunty, for appellant.

Shepard & Prentiss, for respondent.

VAN WYCK, J. The complaint is in tort to recover the value of plaintiff's office furniture, consisting of 17 specified chattels, alleged to have been converted by defendant. The answer alleges, by way of counterclaim, that defendant let to plaintiff a certain office room; that plaintiff still owes him $300 for two months' rent of same; that the chattels mentioned in the complaint "were permitted by the defendant to be placed in said office in consideration of the execution by the plaintiff of the lease of such office, and this defendant has a lien on said chattels, and is entitled to hold the same, as security for the payment of said rent." To this counterclaim, plaintiff demurred, on the grounds that same is insufficient, in law, on the face thereof; does not arise out of, or is connected with, the subject of the action; and does not state facts sufficient to constitute a cause of action. This demurrer was sustained, and this appeal is from the interlocutory judgment entered thereon.

The facts alleged in this plea labeled "Counterclaim" are sufficient to constitute only a cause of action on an express covenant to pay rent; and such cause is not the proper subject of counterclaim in an action in tort for conversion of property, unless it arises out of, or is connected with, the subject of the action. The mere fact that the tenant placed these chattels in the premises demised to him by defendant, who converted them to his own use, does not make the landlord's cause of action for unpaid rent arise out of the tenant's action in tort for conversion, or connect it with the subject of such action. The allegation that defendant has a lien on the chattels for their owner's unpaid rent is insufficient, in law, to constitute a valid counterclaim; for no such lien by a landlord on his tenant's chattels is authorized by law, and defendant does not set up any facts to show that such lien was provided for by contract, express

or implied. And, if he did set up such lien by agreement, it would not be the proper subject of counterclaim. A lien is not a counter-claim in an action in tort for the conversion of the property upon which the lien exists, but constitutes a defense by way of avoidance. If defendant had set up facts showing a lien by agreement, the same would relate to plaintiff's cause of action only as a defense to it, and not as a counterclaim. Distilling Co. v. O'Brien, 72 Hun, 462, 25 N. Y. Supp. 281. Judgment affirmed, with costs. All concur.