## COOPER v. KIPP.

(Supreme Court, Appellate Division, Second Department. June 22, 1900.)

COUNTERCLAIM—CLAIMS CONNECTED WITH SUBJECT OF ACTION.

In an action to recover a chattel, a claim for repairs made on it at the owner's request is sufficiently connected with the subject of the action, within Code Civ. Proc. § 501, defining counterclaims, to constitute a proper counterclaim.

Appeal from municipal court, borough of Brooklyn, Fifth district.

Action by Emma Cooper against John Kipp. From a judgment for plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

Charles H. Kelby, for appellant.

O. F. Finnerty, for respondent.

WILLARD BARTLETT, J. This action was originally brought to recover damages for the wrongful conversion of a wagon valued at $125. The defendant interposed a general denial, and a counterclaim for $63 alleged to be due on a contract for repairs which had been made to the wagon in suit, at the request of the plaintiff, while the vehicle was still in the possession and under the control of the defendant. The return states that upon the day of trial the complaint was amended, by consent, "to be either for the recovery of the chattel, or in default thereof for its value." The court rendered judgment for the plaintiff for the recovery of possession of the property claimed, and in default thereof for the value of the property, which was found to be $75. The counterclaim was dismissed upon the ground that a counterclaim founded upon a contract could not be maintained in an action of tort, and upon the additional ground, as stated by the justice, that he had no authority to render one judgment for the plaintiff in the alternative for the return of the chattel, and, in case return could not be had, for damages, and still another judgment in favor of the defendant on his counterclaim.

From this statement, it will be perceived that, although the suit was originally an action to recover damages for the conversion of personal property, it was transformed into a replevin suit, or, in the phraseology of the Code, an action to recover a chattel. The evidence sufficed to establish a cause of action in replevin in favor of the plaintiff, and there was also evidence tending to sustain the counterclaim. The proof in support of the counterclaim, however, was not considered in the municipal court, inasmuch as the justice held that the counterclaim was not such as is permitted under sec-

tion 501 of the Code of Civil Procedure. In this view we think he was mistaken. It is enough if the counterclaim is a cause of action connected with the subject of the suit. The subject of the action here was a wagon. The counterclaim related to repairs alleged to have been made to the wagon at the request of the owner. The connection of this counterclaim with the subject of the action is quite as close as that which was held to be sufficient in the case of Carpenter v. Insurance Co., 93 N. Y. 552, which was a suit for the wrongful conversion of a quantity of wood. The counterclaim alleged that the plaintiff had wrongfully cut the wood in question from land which was mortgaged to the defendant, and sought to recover damages which had been occasioned to the defendant by impairing his security in severing the wood from the land. The court of appeals declared that it was sufficiently accurate to say that the subject of the action was the wood, and it held that the counterclaim had such a relation to the subject of the action that it was just and equitable that the controversy between the parties as to the matters alleged in the complaint and in the counterclaim should be settled in one litigation. The case cited has been regarded as a definite repudiation of the doctrine that a counterclaim cannot be allowed in an action to recover damages for a tort. This view was expressed by Mr. Justice Follett, formerly chief judge of the Second division of the court of appeals, when a member of the general term in the First department. "It may be regarded as settled," he says, "that, in case an action is brought to recover damages for a tort, a counterclaim arising out of a contract connected with the subject of the action may be pleaded, and that, in an action on a contract, damages arising out of a tort of the plaintiff, if the two causes of action are connected, may be interposed as a counterclaim." Ter Kuile v. Marsland, 81 Hun, 420, 31 N. Y. Supp. 5. Upon these authorities, we think that the counterclaim was sufficient, and that the municipal court should have disposed of it upon the merits. There need be no difficulty about the form of the judgment in case the counterclaim is sustained. It should provide for the return of the chattel after payment to the defendant of the amount found due for repairs. Indeed, the defendant could probably have pleaded the existence of a lien in his favor for this amount. In case a return cannot be had, the judgment should provide for the payment of the value of the wagon as fixed by the justice, less the amount, if any, which he shall find to have been expended for repairs made at the plaintiff's request.

The judgment must be reversed, and a new trial ordered; costs to abide the event. All concur.