County Court, St. Lawrence County, February, 1904. [Vol. 42.

ZEBULON N. BENTON, Respondent, *v.* CHARLES A. MOORE, Appellant.

(County Court, St. Lawrence County, February, 1904.)

Conversion — Counterclaim on contract.

> Where the principal sues his agent for converting moneys col-
> lected upon sales made to a customer named, the agent may prop-
> erly interpose a counterclaim for commissions earned on sales
> made to that customer and alleged to have been withheld un-
> der a course of dealing between the parties by which the agent
> was authorized to pay his own commissions, as such a counterclaim
> is, within Code Civ. Pro., § 501, subd. 1, "connected with the sub-
> ject of the action" — the money paid by the customer to the agent.

APPEAL from a judgment in favor of the plaintiff.

J. F. Brown, for appellant.

J. R. Keeler, for respondent.

HALE, J. The plaintiff is a manufacturer of paints and
oils, doing business at Cleveland, Ohio, and the defendant
from January or February, 1902, until November, 1902, was
his agent and salesman, residing at Canton, N. Y., and oper-
ating in St. Lawrence county and adjoining territory. Prior
to September 1, 1902, the defendant received a salary, but
after that time was paid by a commission. The service
rendered by defendant to plaintiff seems to have been the
same after September first as before.

This action was brought by the plaintiff to recover forty-
five dollars and ninety-eight cents, the price of certain goods
sold to one McGary of Potsdam in July, 1902, and paid
for by McGary to defendant August 2, 1902. The plaintiff
alleges that defendant had no interest in the money, but
that he unlawfully converted it. The defendant in his
answer admits the collection and application of the money
to his own use, but says the plaintiff was owing him for
commissions at the time; that by the course of dealing be-

tween the parties the defendant was authorized to pay his own commissions, and that on account of services rendered after September 1, 1902, the plaintiff was indebted to him over and above the moneys collected from McGary, ninety-five dollars and eighty-three cents. Defendant's answer includes a counterclaim, in which the foregoing allegations in regard to defendant's commissions and authority to retain the McGary money are set forth.

The plaintiff interposed a demurrer to this counterclaim upon the ground that it appears upon its face that it is not a cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action. This demurrer was sustained by the justice, and the correctness of that ruling is the principal question on this appeal.

It would seem desirable in a controversy of this kind that the whole dispute between the parties with respect to their agreement and the performance by each of his obligations thereunder should be settled in one action. The plaintiff, as above observed, is a nonresident, and while he is entitled to all the rights of a resident it is easy to see that if the defendant has a legal claim against him which is excluded from consideration in this action he might have to go to Cleveland, Ohio, in order to reach a tribunal having jurisdiction of the plaintiff. In a case where the plaintiff has chosen his own tribunal, and that happens to be the one having jurisdiction over the defendant's place of residence, he cannot reasonably object to the defendant's making therein any defense which he may have. But of course we are to regard the rules of pleading rather than considerations of convenience and fair play to determine the questions arising upon the demurrer. I have simply alluded to the foregoing matters as bearing upon the proposition that we would not expect to refuse attention to defendant's counterclaim unless required to do so by the laws of pleading.

If the counterclaim " arises out of the transaction set forth in the complaint as the foundation of the plaintiff's claim," or if it is " connected with the subject of the action," then by section 501 of the Code of Civil Procedure it is not

only proper but necessary that the court consider the matters therein set forth. If the " transaction set forth in the complaint as the foundation of the plaintiff's claim " is taken to be the employment of the defendant by the plaintiff and the duties of the former under such employment, in other words, the relation of principal and agent between the parties and the rights and obligations flowing therefrom, including the particular right in regard to the McGary money, then clearly the counterclaim should be held to arise out of it, because it consists merely of details — as the plaintiff's claim is a detail — of the whole transaction.

But if the narrower view be taken that the transaction set forth in the plaintiff's complaint was complete at the time of the alleged conversion of the McGary money, then it is equally clear that the counterclaim is " connected with the subject of the action." There can be no controversy that the subject of the action is the money paid by McGary to Moore. The plaintiff brings this action, having the recovery of that money for its sole object. It is unmixed with any other object. The action is calculated to vindicate as between the plaintiff and the defendant this alleged right of the plaintiff, and to exclude the defendant from all claim thereto. On the other hand, the defendant makes a counterclaim to this very money, and goes into the requisite details to inform plaintiff how it is that he claims the right to retain it. In addition to his counterclaim to this money, he seeks to recover for services alleged to have been rendered in the same general employment, which he alleges have not been paid by plaintiff to him. Of course the merits of the action on either side cannot be determined upon demurrer, but for the purpose of considering whether the counterclaim is well pleaded all the facts therein alleged are admitted; and if those facts be admitted it seems to me the defendant had unquestionably a right to retain the McGary moneys. I believe the authorities will be found to support this view. Pom. Rem. (2d ed.), §§ 773 and note 1 thereunder, 774, 775; Carpenter v. Manhattan Life Ins. Co., 93 N. Y. 552; TerKuile v. Marsland, 81 Hun, 420; Cooper v. Kipp, 52 App. Div. 250.

It is claimed by plaintiff's counsel that his cause of action is in tort, and that consequently a counterclaim arising on contract cannot be interposed. I do not understand that the distinction between tort and contract can operate to deprive the defendant of his counterclaim if it arises out of the transaction set forth in the complaint as the foundation of the plaintiff's claim or is connected with the subject of the action. The earlier decisions commonly held that there could be no connection between a counterclaim arising on contract and a cause of action for a tort, but later decisions have settled that contention to the contrary. In this action the plaintiff, had he so chosen, could have waived the tort and sued upon the implied contract, and if he had done so clearly the counterclaim would be without criticism. The plaintiff cannot deprive the defendant of his right to interpose the counterclaim by his choice of the form of action in which he elects to sue. Pom. Rem. (2d ed.), §§ 772, 773, 788, 789, and cases cited above.

It seems unnecessary to consider appellant's contention that plaintiff's action is really on contract; I have preferred in the above discussion to treat it as for conversion. It is also unnecessary to consider the alleged error of the justice in permitting the plaintiff to swear, in answer to the seventeenth interrogatory attached to the commission, that the defendant had no interest in the McGary money nor any authority to collect it, inasmuch as the judgment must be reversed for the reasons already given.

Judgment reversed, with costs.