SKURNICK v. KALETSKY.

(Supreme Court, Appellate Division, Fourth Department.  March 8, 1911.)

COURTS (§ 190\*)—MUNICIPAL COURTS—APPEAL—REVIEW.

    The Municipal Court act of the city of Syracuse (Laws 1906, c. 520) makes the practice therein generally the same as that in justices' courts, "except as herein otherwise provided," and gives such court authority to grant a new trial pursuant to Code Civ. Proc. § 999, and authorizes an appeal to the County Court, provided that, where the judgment was rendered upon a verdict, the appeal may be taken upon questions of law only, and also gives appeals to the County Court from an order granting or denying a motion for a new trial. *Held* that, on an appeal from the Municipal Court of Syracuse to the County Court in an action tried to a jury, the County Court could not grant a new trial on the ground that the verdict was against the weight of the evidence.

    [Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.\*]

Appeal from Onondaga County Court.

Action by Morris Skurnick against Sarah Kaletsky. From a judgment reversing a judgment for plaintiff in the Municipal Court of Syracuse, he appeals. Judgment of County Court reversed, and that of Municipal Court affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE, and ROBSON, JJ.

William F. Hodge, for appellant.
W. J. McClusky, for respondent.

SPRING, J. The plaintiff, a subcontractor, commenced this action in the Municipal Court of the city of Syracuse against the owner to foreclose two mechanics' liens. The defendant had engaged one Bobinsky to rebuild a dwelling house for her. The contractor sublet a part of the work to the plaintiff, who partly performed his contract and abandoned it, for the reason that no money was paid to him. Subsequently, as he claims, the defendant employed him to finish the work he had undertaken, and agreed to pay him the full contract price when the work was completed. The plaintiff thereupon, and in reliance upon this agreement, completed the work, and sued for and has recovered the entire sum earned.

The court charged the jury that, as there was no separation in the proof of the value of the part of the job done prior to the abandonment and that performed subsequent thereto, the plaintiff must recover the full contract price or nothing, and there was no exception to this instruction. The clerk's minutes show that a motion for new trial was made in the Municipal Court on all the grounds specified in section 999

of the Code of Civil Procedure, but what disposition, if any, was made of the motion, does not appear. The defendant appealed to the County Court from the judgment only, and that court granted a new trial solely on the ground that the verdict was against the weight of the evidence. In fact, there are no exceptions in the record calling for a reversal of the judgment, and the plaintiff proved sufficient certainly to make a prima facie case.

I think the County Court exceeded its power in granting a new trial on the ground stated. The Municipal Court act of the city of Syracuse (chapter 520, Laws of 1906), in its general features of procedure, is modeled after the practice which obtains in justices' courts, "except as herein otherwise provided." Section 13, c. 520, Laws of 1906. By section 16 the court possesses the authority to grant a new trial in pursuance of section 999 of the Code of Civil Procedure. An appeal may be had to the County Court from the judgment of the Municipal Court, "provided, however, that where the judgment was rendered upon a trial by the court without a jury, the appeal may be taken upon questions of law, or upon the facts, or upon both; and where the judgment was rendered upon the verdict of a jury, the appeal may be taken upon questions of law only. Appeals may also be had to the same court from an order granting or denying a motion for a new trial."

The last two provisions do not pertain to the practice governing on appeals from justices' courts, and come within the exception "otherwise provided" by section 13. The practice conforms to that which regulates appeals in actions commenced in the Supreme Court. In this case the judgment is upon the verdict of a jury. The appeal is from the judgment only, and, consequently, is "taken upon questions of law only," and the facts cannot be reviewed. If the citation of authorities is proper in support of this well-settled proposition, I refer to the following: Collier v. Collins, 172 N. Y. 99, 64 N. E. 787; Walbridge v. James, 4 Hun, 793; Rogers v. King et al., 66 Barb. 495; Thurber v. Harlem B. M. & F. Ry. Co., 60 N. Y. 326.

The judgment should be reversed.

Judgment of the County Court reversed, and that of the Municipal Court affirmed, with costs to the appellant in all the courts. All concur.