(157 App. Div. 428.)

SCOGNAMILLO v. PASSARELLI et al.

(Supreme Court, Appellate Division, First Department. June 13, 1913.)

1. SET-OFF AND COUNTERCLAIM (§ 29*)—SUBJECT-MATTER—CLAIMS ARISING OUT OF SAME CONTRACT OR TRANSACTION—"COUNTERCLAIM."

Under Code Civ. Proc. § 501, providing that a "counterclaim" must be a cause of action arising out of the contract or transaction set forth in the complaint as the foundation of plaintiff's claim, or connected with the subject of the action, where in a suit in replevin plaintiff unnecessarily alleged that the oil paintings sought to be recovered were delivered to defendant for the purpose of selling them and remitting the proceeds, and if not sold to be returned on demand, causes of action for moneys advanced by defendants and goods sold and delivered to plaintiff as security, for the payment of which defendants alleged the paintings were pledged to them, were not proper counterclaims, since in replevin a mere claim to a lien upon the property and demand for its foreclosure, even though arising out of the contract or transaction set forth in the complaint as the foundation of plaintiff's action, or connected with the subject of the action, is not a proper counterclaim, unless the claim or cause of action, for the security of which the lien was given, arose out of the contract or transaction set forth in the complaint, or is connected with the subject thereof, and manifestly the indebtedness alleged did not arise out of the contract or transaction set forth in the complaint.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 49–51; Dec. Dig. § 29.*

For other definitions, see Words and Phrases, vol. 2, pp. 1645–1650; vol. 8, pp. 7620, 7621.]

2. REPLEVIN (§ 58*)—COMPLAINT—SUFFICIENCY.

Under Code Civ. Proc. § 1720, providing that in replevin actions an allegation in a pleading by either party, to the effect that such party or a third person was, when the action was commenced or the chattel replevied, the owner of the chattel, or that it was then his property, is a sufficient statement of title, unless the right of action or defense rests upon a right of possession by virtue of a special property, allegations in a complaint that the oil paintings sought to be recovered were delivered to defendant for the purpose of selling them and remitting the proceeds, and if not sold to be returned on demand, were surplusage; it being only necessary for plaintiff to allege that he was the owner and en-

———

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

titled to the possession of the property, and that defendants refused to deliver the property on demand and wrongfully retained possession.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. §§ 211–214; Dec. Dig. § 58.*

For other definitions, see Words and Phrases, vol. 7, pp. 6104–6106; vol. 8, p. 7785.]

Ingraham, P. J., and Scott, J., dissenting.

Appeal from Special Term, New York County.

Action by Salvatore Scognamillo against Antonio Passarelli and others. From an order as originally entered and as resettled overruling a demurrer to a counterclaim, contained in the amended answer, plaintiff appeals. Reversed, and demurrer sustained.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Frank R. Greene, of New York City, for appellant.

Joseph Weber, of New York City, for respondents.

LAUGHLIN, J. [1] This is an action in replevin to recover two oil paintings, which the plaintiff alleges were delivered by him to the defendants Passarelli on the 15th day of September, 1911, for the purpose of selling the same and remitting the proceeds, and, in the event that they were not sold, to be returned on demand. It is alleged that the paintings were not sold, and that on the 12th day of August, 1912, plaintiff duly demanded the return thereof, which was refused, and thereupon he brought this action. It is further alleged that through a certain criminal action or proceeding the paintings have reached the custody of the property clerk of the police department of the city of New York; but presumably the detention of the property by him is at the instance of the other defendants, for no point is made with respect to the paintings being in his possession.

The amended answer of the defendants Passarelli puts in issue the material allegations of the complaint, and alleges as a defense, in substance, that the paintings were delivered to the defendants Passarelli as security for a then existing indebtedness, which has not been paid. and for indebtedness to be incurred to them by the plaintiff in the future, and that the plaintiff subsequently became indebted to them for moneys advanced and goods sold and delivered, and still remains so indebted, and that they hold the paintings under the agreement pursuant to which they were delivered to them. The same facts are pleaded as a counterclaim, and the defendants Passarelli demand judgment against the plaintiff for the foreclosure of their lien upon the property and for the amount owing to them.

The demurrer to the counterclaim is upon the ground that it is not of the character specified in section 501 of the Code of Civil Procedure; and it presents a question which has often arisen under section 501 of the Code of Civil Procedure and section 150 of the Code of Procedure, from which it was taken without any material change of phraseology in the provisions upon which the question presented for decision depends. Section 500 of the Code of Civil Procedure spec-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ifies what may be contained in an answer. It provides, among other things, that the answer may contain a statement of new matter constituting a defense or counterclaim. Section 501 defines a counterclaim as follows:

"The counterclaim, specified in the last section, must tend, in some way, to diminish or defeat the plaintiff's recovery, and must be one of the following causes of action against the plaintiff, or, in a proper case, against the person whom he represents, and in favor of the defendant, or of one or more defendants, between whom and the plaintiff a separate judgment may be had in the action:

"1. A cause of action arising out of the contract or transaction, set forth in the complaint as the foundation of the plaintiff's claim, or connected with the subject of the action.

"2. In an action on contract, any other cause of action on contract, existing at the commencement of the action."

The words "must tend, in some way, to diminish or defeat the plaintiff's recovery" were added in 1877, and that is the only amendment since the original enactment in 1852.

[2] According to the allegations of the complaint, the defendants Passarelli came into the possession of the property lawfully; but their possession became unlawful by wrongful detention after a demand for its return. The allegations of the complaint with respect to the circumstances under which the paintings were delivered to the defendants Passarelli are surplusage; for it was only necessary for the plaintiff to allege that he was the owner and entitled to the possession of the property, and that defendants refused to deliver on demand duly made, and wrongfully retained possession. Code Civil Proc. § 1720; Simmons v. Lyons, 55 N. Y. 671; Scofield v. Whitelegge, 49 N. Y. 259; Gregory v. Fichtner (Com. Pl.) 14 N. Y. Supp. 891. The *causes of action* which the defendants Passarelli pleaded as a counterclaim are for moneys advanced and goods sold and delivered to the plaintiff, and they allege that the property was pledged with them as security for that indebtedness, and in connection with their demand for a personal judgment against the plaintiff they ask that the property be sold to satisfy their lien. Manifestly the causes of action for the indebtedness in no manner arise out of any contract or transaction set forth in the complaint as the foundation of the plaintiff's claim; nor are they, either directly or indirectly, connected with the subject of the plaintiff's action. The claims of the respective parties, as thus unnecessarily presented on the part of the plaintiff, are, however, diametrically opposed with respect to the contract under which the paintings were delivered to the defendants Passarelli; and the establishment of the contention, *on that point,* of the one necessarily disproves that of the other. It is quite likely that the trial will involve an investigation of the facts upon which the right of the plaintiff to a return of the property, or of the defendants Passarelli to a lien thereon, depends; but that, as has been seen, is not *necessarily* shown by the pleadings, and the determination of the controversy would not involve an adjudication with respect to the causes of action counterclaimed for moneys advanced and goods sold and delivered.

If there were no precedents construing these statutory provisions with respect to the validity of such a counterclaim, I would be in

favor of sustaining the counterclaim in its entirety; for that would obviate another trial between the parties, depending in part, at least, upon the same evidence, which, in proving the contention of one of the parties, disproves that of the other, which is a test sometimes applied in determining whether or not a counterclaim is authorized. See Deagon v. Weeks, 67 App. Div. 410, 73 N. Y. Supp. 641; Adams v. Schwartz, 137 App. Div. 230, at 237, 239, 122 N. Y. Supp. 41. These statutory provisions, however, have remained substantially the same for upwards of 60 years, and the question presented is not new, but has often arisen in analogous cases; and the effect of the adjudications, long since made, and which have been acquiesced in as establishing the proper practice in administering the law, is that in an action for conversion or replevin a mere claim to a lien upon the property, and demand for the foreclosure thereof, even though arising out of the contract or transaction set forth in the complaint as the foundation of the plaintiff's action, or connected with the subject of the action, is not a cause of action in favor of a defendant against a plaintiff, within the contemplation of the statutory provisions relating to a counterclaim, unless the claim or cause of action for the security of which the lien was given arises out of the contract or transaction set forth in the complaint as the basis of the action, or is connected with the subject thereof, which is not in itself a cause of action, and is deemed incidental to the cause of action which it secures; but, of course, *a lien* may be pleaded and proved as a *defense*. Gottler v. Babcock (N. Y. Com. Pleas 1858) 7 Abb. Prac. 392; Rogers v. King et al., 66 Barb. 495 (1873); Rochester Distilling Co. v. O'Brien, 72 Hun, 462, 25 N. Y. Supp. 281 (1893); Miller Co. v. Stokes, 7 Misc. Rep. 433, 27 N. Y. Supp. 940 (1894); Lyungstrandh v. William Haaker Co., 16 Misc. Rep. 387, 38 N. Y. Supp. 129 (1896); Bernheimer v. Hartmayer, 50 App. Div. 316, 63 N. Y. Supp. 978 (1900). See, also, Walker v. A. C. Ins. Co., 143 N. Y. 167, 38 N. E. 106. And therefore, in my opinion, it is better that the practice be allowed to remain settled as established, and leave it to the Legislature, if it shall deem it advisable, to enact a change, rather than for the court, at this late day, to presume to overrule the existing precedents.

The respondents rely upon Cooper v. Kipp, 52 App. Div. 250, 65 N. Y. Supp. 379, which the order appealed from shows was the basis of the decision at Special Term. I am of opinion that that case and Carpenter v. Manhattan Life Ins. Co., 93 N. Y. 552, upon which it was predicated, are clearly distinguishable from the case at bar. In Cooper v. Kipp, supra, the action was for the conversion of a wagon, and the counterclaim was for work, labor, and service in repairing the wagon, and no lien was asserted. The court held that the subject of the action was the wagon, and that, inasmuch as the counterclaim was for repairs made on the wagon at the request of the owner, the counterclaim was sufficiently connected with the subject of the action to authorize it as a pleading; but there the contract which gave rise to the defendant's cause of action related directly to the wagon, which was the subject of the plaintiff's action. In Carpenter v. Manhattan Life Ins. Co., supra, the action was by a second mortgagee in possession for

the conversion of wood which the plaintiff had cut from standing timber on the premises; and the counterclaim was interposed by the first mortgagee for waste and depreciation of his security by the cutting of the timber. The court regarded the wood as the subject of the action, and held that the counterclaim sufficiently related thereto to connect the cause of action set up therein with the subject-matter of the plaintiff's action.

It follows that the order should be reversed, with $10 costs and disbursements, and demurrer sustained, with $10 costs, but with leave to respondents to amend on payment of the costs of the appeal and of the demurrer.

McLAUGHLIN and CLARKE, JJ., concur.

SCOTT, J. (dissenting). The action is for the possession of certain personal property, consisting of paintings, or, if a return cannot be had, for damages for the detention.

The defendants Passarelli, by way of defense, allege that the paintings were delivered to them as security for a debt which has not been paid. The same facts are alleged also by way of a counterclaim, and said defendants for judgment upon said counterclaim ask for the foreclosure of their lien.

In my opinion the counterclaim is properly pleaded under section 501 Code of Civil Procedure. The subject of the action is the personal property sought to be replevied. Carpenter v. Manhattan Life Ins. Co., 93 N. Y. 552; Cooper v. Kipp, 52 App. Div. 250, 65 N. Y. Supp. 379. In the former case it was said:

"The counterclaim must have such a relation to, and connection with, the subject of the action that it will be just and equitable that the controversy between the parties as to the matters alleged in the complaint and in the counterclaim should be settled in one action, by one litigation, and that the claim of the one should be offset against, or applied upon, the claim of the other."

The present is, in my opinion, precisely such a case. It is clearly just that the conflicting claims of the plaintiff and the defendants to the possession and disposition of the pictures should be settled in one action. It would be a useless duplication of work to try out the defendants' right to possession in one action, and then try in another action, upon the same facts, the defendants' right to enforce their lien.

The order appealed from should be affirmed, with costs.

INGRAHAM, P. J., concurs.