The judgment appealed from should be affirmed, with costs.

Judgment affirmed, with costs.

---

### HOOKER v. GROOM.

(Steuben County Court. June 20, 1914.)

1. PLEADING (§ 214*)—DEMURRER—ADMISSIONS—COUNTERCLAIM.
    In deciding a demurrer to a counterclaim in the answer, all of the allegations of the complaint are to be taken as true.

    [Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 525–534; Dec. Dig. § 214.*]

2. SET-OFF AND COUNTERCLAIM (§ 23*)—TENDENCY TO DIMINISH OR DEFEAT PLAINTIFF'S CLAIM.
    Under Code Civ. Proc. § 501, providing that a counterclaim must tend in some way to diminish or defeat plaintiff's recovery, in replevin to recover a crop grown upon plaintiff's farm by defendant in which the com-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

plaint alleged that by the contract between the parties it was agreed that until the division of the crops and products of the farm they should belong to plaintiff, and be her sole property, and that there had been no division of the crop in question, a counterclaim alleging that plaintiff violated the contract, took possession of all the products of the farm, and failed to turn over to defendant any part of the proceeds thereof excepting a slight amount, and that she interfered with defendant in working and cultivating the farm to his damage, was not a proper counterclaim, since plaintiff's right to possession of the crop sought to be recovered under the allegation of the complaint taken as true on demurrer to the counterclaim did not depend upon the state of the account between the parties, and she was entitled to such possession, though every allegation of the counterclaim was true.

[Ed. Note.—For other cases, see Set-off and Counterclaim, Cent. Dig. § 38; Dec. Dig. § 23.*]

Action by Amelia Hooker against Burt Groom. On demurrer to a counterclaim. Demurrer sustained.

James O. Sebring, of Corning, N. Y., for plaintiff.
Thomas F. Rogers, of Corning, N. Y., for defendant.

CHENEY, J. This is an action in replevin to recover possession of 26 bales of tobacco which the complaint alleges was raised on plaintiff's farm which the defendant carried on under a written contract entered into between the parties on the 1st day of April, 1913. That complaint alleges that by the terms of said contract it was agreed that, until the division of the crops and products of the said farm, all the crops and products thereof should belong to the plaintiff and be her sole property as security for the faithful performance of the said contract by defendant, and that defendant should not remove any of the crops raised upon said farm until there had been a division thereof. The complaint also alleged that there had never been a division of the said tobacco and that the plaintiff was the sole and absolute owner of said crop of tobacco. The complaint then alleged that on or about the 24th day of February, 1914, the defendant wrongfully and unlawfully took 26 bales of the said tobacco from the possession of the plaintiff and wrongfully withholds the same from her. Defendant in his answer interposed a counterclaim, in which he alleges the making of the contract of April 1, 1913, and alleges that he entered into possession of the said farm and worked the same and performed all the terms and conditions of said contract on his part. He then alleges that the plaintiff, in violation of the terms and provisions of the contract, took possession of and retained all the products from the said farm and failed and neglected to turn over or deliver to the defendant any part of the proceeds of said farm excepting $3, and that the plaintiff interfered with the defendant in the working and cultivation of said farm, and that if he had been permitted to work and cultivate said farm he would have been able to realize large sums from the crops and products thereof and alleged that by reason thereof he had been damaged in the sum of $1,000. The plaintiff demurred to this counterclaim upon the ground that the said counterclaim was not one of the character specified in section 501 of the Code

of Civil Procedure and upon the ground that the counterclaim did not state facts sufficient to constitute a cause of action in favor of the defendant against the plaintiff.

[1] In·the decision of the demurrer to the counterclaim contained in defendant's answer all of the allegations of the complaint are to be taken as true. Douglas v. Coonley, 156 N. Y. 521, 51 N..E. 283, 66 Am. St. Rep. 580.

[2] If the allegations of the complaint are true, the plaintiff, at the time of the commencement of this action, was entitled to the possession of the tobacco, although every allegation contained in defendant's counterclaim is also true. The contract alleged in the complaint gave the plaintiff the possession and ownership of the property in question until a' final division of the crops between the parties and until such final division the plaintiff's right to possession could not be defeated by proof of any or all of the matters alleged in defendant's counterclaim.

Defendant's counterclaim alleges a cause of action arising out of the contract, the transaction set forth in the complaint as foundation for the plaintiff's claim, to the extent that said counterclaim alleges a violation by the plaintiff of the same contract referred to in plaintiff's complaint under which plaintiff claimed the right to possession of the tobacco in question.

Section 501 of the Code of Civil Procedure requires that a counterclaim in an answer must tend in some way to diminish or defeat the plaintiff's recovery. Plaintiff's right to possession does not depend upon the state of the account between herself and the defendant, and pending the division of the crops, under the terms of the contract set forth in the complaint, the plaintiff was entitled to the possession of the tobacco in question. The counterclaim interposed by defendant is not one that tends to diminish or defeat plaintiff's recovery, and is therefore not of the character specified in section 501 of the Code of Civil Procedure. Van v. Madden, 132 App. Div. 535, 116 N. Y. Supp. 1115; Scognamillo v. Passarelli, 157 App. Div. 428, 142 N. Y. Supp. 382.

The plaintiff therefore is entitled to judgment sustaining her de-murrer.