JAMES G. COMERFORD, Plaintiff, *v.* GEORGE H. SANDS, Defendant.

Supreme Court, Monroe County, April, 1923.

**Pleading — counterclaims — when motion to strike out will be denied — proper practice is by motion to amend pleading.**

Whether or not counterclaims improperly united in the same answer fall within section 278 of the Civil Practice Act which seemingly limits the relief to defective complaints, the remedy is by a motion under rule 102 of the Rules of Civil Practice to amend the pleading and not by a motion to strike out the counterclaims.

A complaint alleged that for certain reasons and purposes defendant had been temporarily upon certain described premises of which the plaintiff is the owner in fee, until October 15, 1920; that upon that day by mutual consent those reasons and purposes were terminated but that without plaintiff's consent defendant still continued in possession of the premises and withholds the same from plaintiff. The answer besides certain denials and defenses pleaded two counterclaims; the first based upon fraudulent representations, alleged to have been made by plaintiff to defendant to induce a previous and entirely different contract; the second founded upon a series of acts claimed to be wrongful committed by plaintiff at various times from April 29, 1920, down to shortly before the commencement of the action, and which together were alleged to have been intended to harass defendant and cause him to needlessly expend and otherwise lose large sums of money. *Held,* that both counterclaims, although involving in some respects the same land and business relations to the particular transaction set forth in the complaint, arose out of matters entirely separate

and apart from it and, therefore, neither of them fell within the description of counterclaims permitted by section 266 of the Civil Practice Act.

The narrow issue tendered by the complaint of an abrogation agreement made on or about October 15, 1920, is so sharply presented that to involve it with the extraneous matter set out in the counterclaim must necessarily prejudice and embarrass a fair trial of the action. A motion to strike out the counterclaim as irrelevant and redundant is not available, however, to avoid this condition of affairs, and will be denied.

An objection that counterclaims wholly irrelevant to the issue tendered are not " properly interposed " is deemed to have been waived by plaintiff.

MOTION to strike from answer two counterclaims contained therein on the grounds: (a) That same are improperly united; (b) that they are irrelevant, redundant and tend to prejudice and embarrass a fair trial of this action; (c) that neither of such counterclaims is one which may be properly *introduced* in the action.

*James M. E. O'Grady*, for plaintiff.

*George D. Forsyth*, for defendant.

SAWYER, J. This complaint alleges that plaintiff is the owner in fee of certain premises, therein described, upon which until October 15, 1920, defendant had, for certain reasons and purposes, temporarily been; that upon that day by mutual consent of the parties, those reasons and purposes were terminated, but that, without plaintiff's consent, defendant still continues in possession and withholds same from plaintiff.

The answer, after certain denials and defenses, contains two counterclaims; the first based upon alleged fraudulent representations, said to have been made by plaintiff to defendant to induce a previous and entirely different contract; the second founded upon a series of acts, claimed to be wrongful, committed by plaintiff at various times from April 29, 1920, down to shortly before the commencement of this action, and which together are said to have been intended to harass defendant and cause him to needlessly expend, and otherwise lose, large sums of money.

Where they grow out of the transaction upon which the complaint is founded, separate counterclaims based in fraud and on contract may doubtless be set up in the same answer (*France & C. S. S. Corp.* v. *Berwind-White C. M. Co.*, 229 N. Y. 89; Civ. Prac. Act, § 266, subd. 1), and I can see no reason in principle why the first counterclaim and some, at least, of the allegations of the second here interposed should not be so united if the facts arise out of the contract or " mutual consent " of the parties had upon October 15, 1920.

Plaintiff relies and must stand or fall upon the narrow issue of an abrogating agreement made on or about that day.

It needs but a bare reading of the counterclaims to see that they had, or have, anything to do with that particular transaction, but arose out of matters entirely separate and apart from it although involving in some respects the same land and business relations.

Neither of them, therefore, falls within the description of permitted counterclaims as found in section 266 of the Civil Practice Act.

One of the grounds upon which plaintiff seeks relief is that described in paragraph C of subdivision 2 of section 278 of the Civil Practice Act, and subdivision 4 of rule 109 of the Rules of Civil Practice.

Disregarding an evident clerical error in the notice of motion whereby the word " introduced " is substituted for " interposed," dismissal under that section and rule cannot be had because more than ten days after service of the answer had passed before the motion was noticed. Rule 109.

Rule 102 provides that where causes of action are improperly united an amended pleading may be required. In view of the provisions of section 278 of the Civil Practice Act which seemingly limits relief for that cause to defective complaints, it may be doubted whether counterclaims improperly united fall within the rule, but in any event the remedy is not by way of motion to strike out, but one to correct the pleading by amendment. Rules 102, 103 and 104 are distinctive as to remedies and contemplate separate and different conditions of pleading and forms of motion.

The issue tendered by the complaint herein is so narrow — so sharply presented — that to involve it with the extraneous matter set out in these counterclaims must necessarily prejudice and embarrass a fair trial of the action.

A motion to strike out the counterclaims as irrelevant and redundant is not available, however, to avoid this condition of affairs.

The rule was early established that such a motion did not go to the whole pleading, nor to a separate denial, or defense, but is usable only when one otherwise good is loaded with unnecessary or redundant matter. *Blake* v. *Eldred,* 18 How. Pr. 240.

This rule is not changed by the later decisions nor by the Civil Practice Act and must still govern.

It may, of course, be said that counterclaims wholly irrelevant to the issue tendered are not " properly interposed," but that objection is, as has been seen, here deemed to be waived.

Motion denied, with costs.

Ordered accordingly.