HENRY S. FLEMING and Others, Constituting the Stockholders' Protective Committee of THE MIDDLE STATES OIL CORPORATION, Appellants, v. ROBERT WILSON JACKSON, Respondent.

First Department, January 13, 1928.

Pleadings — counterclaims — counterclaim for work and labor cannot be interposed in action of replevin — Civil Practice Act, § 266, subds. 1, 2, applied.

In an action to replevy a list of stockholders, the defendant cannot interpose a counterclaim for work, labor and services, in the rendition of which he used the list of stockholders, for the complaint is not upon contract, and, therefore, the counterclaim does not come within subdivision 2 of section 266 of the Civil Practice Act, and since the counterclaim does not arise out of the same transaction constituting the basis of plaintiff's cause, it cannot be interposed under subdivision 1 of that section.

MARTIN, J., dissents, with memorandum.

APPEAL by the plaintiffs from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 7th day of March, 1927.

*Francis G. Hoyt* of counsel [*John H. Jackson* with him on the brief; *Moore, Hall, Swan & Cunningham,* attorneys], for the appellants.

*Myles A. Walsh,* for the respondent.

PER CURIAM. Defendant has set up a counterclaim for work, labor and services, in the rendition of which he used a list of stockholders which plaintiffs seek to replevy in this action. The counterclaim cannot be interposed under the Civil Practice Act (§ 266, subd. 2) because the complaint is not upon contract; nor can it be interposed under subdivision 1, because the counterclaim does not arise out of the same transaction or contract which constitutes the foundation of the plaintiffs' claim. That the stockholders' list was used by the defendant in connection with his rendition of services in no way makes that the same transaction as the wrongful conversion set forth in the complaint.

The order appealed from should, therefore, be reversed, with ten dollars costs and disbursements, and the motion to strike out the counterclaim granted, with ten dollars costs.

Present — DOWLING, P. J., MERRELL, MARTIN, O'MALLEY and PROSKAUER, JJ. MARTIN, J., dissents.

MARTIN, J. (dissenting). The action is to replevy a list of names of stockholders placed in the possession of defendant to enable him to fulfill his contract of employment out of which his counterclaim for services arises. The employer intrusted the employee with the list in order that the work might be done. The claims arise out of the same transaction. (*Carpenter* v. *Manhattan Life Ins. Co.*, 93 N. Y. 552; *Cooper* v. *Kipp*, 52 App. Div. 250; *Comerford* v. *Sands*, 120 Misc. 522; affd., 214 App. Div. 755.) An analysis which excludes everything but the alleged conversion by defendant overlooks the substance of the entire " transaction." (See dissenting opinion of Mr. Justice SCOTT, in *Scognamillo* v. *Passarelli*, 157 App. Div. 428, on which the Court of Appeals reversed, 210 N. Y. 550.) Moreover, plaintiff seeks to recover damages for detention of the list and the counterclaim tends to diminish any such recovery.

The order should be affirmed.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.