Argued September 5, affirmed November 20, 1963

# JENSEN *v.* PITMAN

386 P. 2d 803

*H. William Barlow,* Special Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief was Robert Y. Thornton, Attorney General for Oregon, Salem.

*John M. Copenhaver,* Redmond, argued the cause for respondent. With him on the brief were Cunning, Brewster, Copenhaver & Larkin, Redmond.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN and LUSK, Justices.

PERRY, J.

Plaintiff seeks to revoke defendant's real estate salesman license on the ground that he accepted a commission from someone other than his employing broker. ORS 696.290 and ORS 696.300(1) (f). Initial administrative proceedings conducted by the real estate commissioner resulted in revocation of defendant's license. The Marion County Circuit Court, in a trial de novo without a jury, reversed. Plaintiff now appeals.

The narrow question presented is whether defendant accepted compensation from a person other than his broker in contravention of ORS 696.290 as a result of the commission arrangement involved in the sale of the Z X Ranch.

The facts are not in substantial dispute. The defendant, during the crucial period of this controversy, was employed as a real estate salesman by one Baer, a licensed real estate broker with offices in Bend, Oregon. They operated under a rather loose oral arrangement by which the defendant would handle the negotiation and sale of outlying ranch properties, collect the commissions and thereafter divide the pro-

ceeds proportionately between them. It was agreed that Baer was to receive ten per cent of the commission proceeds and defendant was to retain the balance. Checks were received in their joint names and were cashed before any division was made.

The Z X Ranch deal provided for a $25,000 commission to be divided equally between a California and Oregon broker. Each broker was to receive a $5,000 down payment from the purchaser, the M. Penn Phillips Co., with the balance payable in 30 $250 per month installments. The first $5,000 check was sent to defendant and erroneously made payable solely to him. Defendant immediately apprised the drawer of his error and all the subsequent checks for the unpaid balance of the commission were made jointly payable to defendant and Baer.

Upon receipt of the $5,000 check defendant promptly went to Baer's office. But instead of indorsing the check over to Baer so that Baer could cash it and distribute their proportionate shares, the defendant handed Baer a check from his wife representing Baer's customary ten per cent cut and retained the $5,000 check. Subsequently defendant deposited the check in his own bank account.

By this conduct in dealing with the Z X Ranch commission, it is claimed that defendant unlawfully accepted compensation from someone other than his employing broker. There is no contention or indication that defendant dealt unfairly with Baer or any of the other parties to the transaction. Nor is there any evidence that Baer or anyone else connected with the sale objected to the way in which defendant handled the commissions. The inquiry is thus restricted to whether defendant's earned commission stemmed from Baer, his broker, or from someone else.

■ The fact that the initial $5,000 check was made payable solely to defendant is far from conclusive evidence that defendant received his commission from someone other than Baer. Payment to an agent having either express or implied authority to receive payment is generally deemed payment to the principal. *Schmidt v. Fitzsimmons,* 190 Or 415, 226 P2d 306; *Eugene School District No. 4 v. Fisk,* 159 Or 245, 79 P2d 262. This is so even where the payment is made to the agent of an undisclosed principal. *Du Bois v. Perkins,* 21 Or 189, 27 P 1044; *Schnier v. Percival,* 83 Cal App 470, 256 P 1109.

■ By the time defendant had deposited the $5,000 check in his account, Baer had authorized his retention of it and had accepted a check representing his own commission. In any event, since defendant promptly requested that all subsequent checks be made payable to both himself and Baer according to their customary arrangement, the trial court would have been justified in concluding that defendant never expected or attempted to receive a check payable solely to himself in the first place.

Had defendant indorsed and remitted the $5,000 check to Baer and received back his commission there could be no serious contention that he had received his commission from someone other than his broker. The alleged violation is said to come from his retention of the check without ever handing it to Baer. There is no merit to such an argument. A real estate agent is often authorized by his employer to retain certain moneys received from purchasers of realty as his commission and there is never any doubt but that he has received his commission from his principal. See, *Killam v. Tenney,* 229 Or 134, 366 P2d 739; *Columbia Realty Co. v. Alameda Land Co.,* 87 Or 277,

168 P 64, 440; *Holbrook v. Investment Co.,* 30 Or 259, 47 P 920; *Benton v. Moore,* 42 Misc Rep 660, 87 NYS 717; *Moss v. Sperry,* 140 Fla 301, 191 So 531; *Duncan v. State,* 202 Tenn 431, 304 SW2d 625.

Here the broker Baer authorized the short-cut division of the commission by defendant whereby defendant retained the $5,000 check and Baer received his share from another fund. Such oral arrangements between a broker and his salesman as to the manner of dividing commissions are valid and enforceable. *Sorenson v. Brice Realty Co.,* 204 Or 223, 231, 282 P2d 1057. The mere fact that Baer did not physically hand defendant his commission is immaterial.

■ It is clear defendant did not receive a commission from someone other than his employing broker in violation of ORS 696.290. In a broad sense, of course, all real estate commissions primarily come from the purchaser rather than the broker. The purpose of the statute, however, is not to assure a factual manual transfer of the commission from the broker's hands to the salesman. Such a ritualistic formality is not necessary as long as the broker and salesman have an understanding that as to the distribution of commissions between them, the moneys paid as commission is the property of the broker for distribution and the salesman does not attempt to violate the broker's primary right of receipt and distribution.

The judgment is affirmed.